1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 8 TIFFANY HILL, individually and on behalf of all others similarly situated,<br><br>9 Plaintiff,<br><br>10<br><br>11 v.<br><br>12 XEROX CORPORATION, a New York Corporation, LIVEBRIDGE, INC., an Oregon Corporation, AFFILIATED COMPUTER SERVICES, INC., a Delaware Corporation, AFFILIATED COMPUTER SERVICES, LLC, a Delaware Limited Liability Company,<br><br>15<br><br>16 Defendants. | NO.<br><br>**CLASS ACTION COMPLAINT** |

17

18      Plaintiff Tiffany Hill, by her undersigned attorneys, for this class action complaint

19   against Defendants Xerox Corporation,  LiveBridge, Inc., Affiliated Computers Services, Inc.,

20   and Affiliated Computers Services, LLC (collectively "ACS" or "Defendants"), alleges as

21   follows:

## I.  INTRODUCTION

23      1.1      Nature of Action.  Plaintiff Tiffany Hill brings this action against Defendants for

24   engaging in a systematic scheme of wage and hour abuse against call center employees in the

25   State of Washington.  This scheme has involved, among other things, requiring or permitting

26   employees to work off the clock and failing to pay employees for overtime work.

CLASS ACTION COMPLAINT - 1
CASE NO. 2:11-CV-01959-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## II.  JURISDICTION AND VENUE

2.1     Jurisdiction.  Defendants are within the jurisdiction of this Court.  This Court has jurisdiction over this case under 28 U.S.C. § 1332(d)(2) in that: (1) this is a class action with more than one hundred (100) class members; (2) Defendant Xerox Corporation ("Xerox") is a citizen of the state of New York; Defendant Affiliated Computer Services, Inc. is a citizen of the state of Delaware; Defendant Affiliated Computer Services, LLC is a citizen of the state of Delaware; and Defendant Livebridge, Inc. ("Livebridge") is a citizen of the state of Oregon; (3) Plaintiff is a resident of the state of Washington; and (4) upon information and belief, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

2.2     Venue.  Venue of this case in this Court is proper: (1) pursuant to 28 U.S.C. § 1391(a)(1) in that Defendants do sufficient business in this District to subject them to personal jurisdiction herein; and (2) pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

2.3     Governing Law.  The claims of Plaintiff and the Class members asserted in this class action complaint are brought solely under state law causes of action and are governed exclusively by Washington law.  The claims of Plaintiff and the Class members are individual claims and do not unite or enforce a single title or right to which Plaintiff and the Class have a common and undivided interest.

## III.  PARTIES

3.1     Plaintiff Tiffany Hill.  Plaintiff Hill is a citizen of Washington State.  Plaintiff Hill responded to an ACS internet job posting and was hired by ACS as a non-exempt customer care assistant in September 2011.  Plaintiff Hill was employed by ACS as a customer care assistant in one of Defendants' call centers in Federal Way, Washington from September 2011 to April 2012.  ACS required Plaintiff Hill to perform unpaid work off-the-clock before and after her scheduled shift.  ACS failed to pay Plaintiff Hill for all hours worked, including overtime hours.  ACS terminated Plaintiff Hill on April 6, 2012 and willfully failed to pay the wages due to her.

CLASS ACTION COMPLAINT - 2
CASE NO. 2:11-cv-01959-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    3.2    Defendant Xerox Corporation. Xerox is a New York Corporation with its

2  headquarters in Connecticut. Xerox Corporation is licensed to do business in Washington and

3  conducts business in Washington. Xerox Corporation has employed thousands of employees in

4  Washington, including Plaintiff and the proposed Class members. On information and belief,

5  Xerox is the parent company or affiliate of co-Defendants Livebridge, Affiliated Computer

6  Services, Inc., and Affiliated Computer Services, LLC, and Xerox has exercised control over

7  Livebridge and the Affiliated Computer Services companies since it purchased them in 2010.

8    3.3    Defendant Livebridge, Inc. Livebridge is an Oregon corporation with its

9  headquarters in Texas. On information and belief, Livebridge is the subsidiary company or

10  affiliate of co-Defendant Xerox. Livebridge is licensed to do business in Washington and

11  conducts business in Washington. On information and belief, Livebridge has employed

12  thousands of employees in Washington, including Plaintiff and the proposed Class members.

13    3.4    Defendant Affiliated Computer Services, Inc. Affiliated Computer Services,

14  Inc. is a Delaware corporation with its headquarters in Texas. On information and belief,

15  Affiliated Computer Services, Inc. is the subsidiary of co-Defendant Xerox and was acquired

16  by Xerox in 2010. Affiliated Computer Services, Inc. is licensed to do business in Washington

17  and has conducted business in Washington. On information and belief, Affiliated Computer

18  Services, Inc. has employed thousands of employees in Washington, including Plaintiff and the

19  proposed Class members.

20    3.5    Defendant Affiliated Computer Services, LLC. Affiliated Computer Services,

21  LLC is a Delaware limited liability company with its headquarters in Texas. On information

22  and belief, Affiliated Computer Services, LLC is the subsidiary of co-Defendant Xerox.

23  Affiliated Computer Services, LLC became licensed to do business in Washington on January

24  19, 2010 and on information and belief, has conducted business in Washington. On

25  information and belief, Affiliated Computer Services, LLC employs thousands of employees in

26  Washington, including the proposed Class members.

CLASS ACTION COMPLAINT - 3
CASE NO. 2:11-CV-01959-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    3.6    Alter-Ego.  Upon information and belief, Defendants Xerox, Livebridge,

2  Affiliated Computer Services, Inc. and Affiliated Computer Services, LLC are alter egos of

3  each other, and a unity of interest and ownership exists between the Defendants such that any

4  separateness has ceased to exist.  Upon information and belief, Xerox has exercised control

5  over Livebridge, Affiliated Computer Services, Inc., and Affiliated Computer Services, LLC

6  since it purchased them in 2010.  Xerox's name and corporate marketing materials were

7  incorporated into marketing materials for the Affiliated Computer Services companies and

8  Livebridge; and, upon information and belief, there was and is a commingling of property

9  rights or interests such that Defendants function as one.  In addition, upon information and

10  belief, each Defendant was directly involved in conduct that gives rise to claims for relief

11  alleged herein.  Defendants' wrongful corporate activities harmed Plaintiff and the proposed

12  Class.  Therefore, to avoid an unjustified loss to Plaintiff and the Class or to avoid oppression,

13  fraud, and inequity, recognition of their separate corporate status should be disregarded.

14                      **IV.  CLASS ACTION ALLEGATIONS**

15    4.1    Class Definition: Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings

16  this case as a class action on behalf of a Class defined as follows:

17    All current and former employees of Defendants Xerox
      Corporation, Livebridge, Inc., Affiliated Computers Services,
18    Inc., and/or Affiliated Computer Services, LLC who have worked
      at any of Defendants' call centers in the State of Washington as
19    Customer Care Assistants, Customer Care Representatives,
      Customer Service Representatives, Customer Service Associates,
20    or in other similar positions between April 24, 2008 and the date
      of final disposition of this action.
21
22  Excluded from the Class are Defendants, any entity in which a Defendant has a controlling

23  interest or that has a controlling interest in a Defendant, and Defendants' legal representatives,

24  assignees, and successors.  Also excluded are the judge to whom this case is assigned and any

25  member of the judge's immediate family.

26    4.2    Numerosity.  Plaintiff believes there are over three thousand current or former

ACS employees composing the Class.  The members of the Class are so numerous that joinder

CLASS ACTION COMPLAINT - 4
CASE NO. 2:11-CV-01959-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    of all members is impracticable.  Moreover, the disposition of the claims of the Class in a

2    single action will provide substantial benefits to all parties and the Court.

3          4.3      Commonality.  There are numerous questions of law and fact common to

4    Plaintiff and Class members.  These questions include, but are not limited to, the following:

5                a.      Whether ACS has engaged in a common course of failing to properly

6    compensate call center customer service employees for all hours worked, including overtime;

7                b.      Whether ACS has engaged in a common course of requiring or

8    permitting call center customer service employees to work off the clock without compensation;

9                c.      Whether ACS has engaged in a common course of requiring or

10   permitting call center customer service employees not to report all hours worked;

11               d.      Whether ACS has engaged in a common course of failing to maintain

12   true and accurate time records for all hours worked by call center customer service employees;

13               e.      Whether ACS has violated RCW 49.46.130;

14               f.      Whether ACS has violated RCW 49.46.090;

15               g.      Whether ACS has violated RCW 49.48.010;

16               h.      Whether ACS has violated RCW 49.52.050;

17               i.      Whether ACS has violated the Washington Consumer Protection Act,

18   RCW 19.86.010 – .920; and

19               j.      The nature and extent of class-wide injury and the measure of

20   compensation for such injury.

21         4.4      Typicality.  The claims of the Plaintiff Hill are typical of the claims of the Class.

22   Plaintiff Hill was employed in Washington by ACS as a call center Customer Care Assistant

23   and thus is a member of the proposed Class.  Plaintiff Hill's claims, like the claims of the Class,

24   arise out of the same common course of conduct by ACS and are based on the same legal and

25   remedial theories.

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1      4.5      Adequacy.  Plaintiff Hill will fairly and adequately protect the interests of the

2   Class.  Plaintiff Hill has retained competent and capable attorneys who are experienced trial

3   lawyers with significant experience in complex and class action litigation, including

4   employment law.  Plaintiff Hill and her counsel are committed to prosecuting this action

5   vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff

6   Hill nor her counsel have interests that are contrary to or that conflict with those of the

7   proposed Class.

8      4.6      Predominance.  ACS has engaged in a common course of wage and hour abuse

9   toward Plaintiff Hill and members of the Class.  The common issues arising from this conduct

10  that affect Plaintiff Hill and members of the Class predominate over any individual issues.

11  Adjudication of these common issues in a single action has important and desirable advantages

12  of judicial economy.

13     4.7      Superiority.  Plaintiff Hill and Class members have suffered and will continue to

14  suffer harm and damages as a result of ACS's unlawful and wrongful conduct.  Absent a class

15  action, however, most Class members likely would find the cost of litigating their claims

16  prohibitive.  Class treatment is superior to multiple individual suits or piecemeal litigation

17  because it conserves judicial resources, promotes consistency and efficiency of adjudication,

18  provides a forum for small claimants, and deters illegal activities.  There will be no significant

19  difficulty in the management of this case as a class action.  The Class members are readily

20  identifiable from ACS's records.

21                      **V. SUMMARY OF FACTUAL ALLEGATIONS**

22     5.1      Common Course of Conduct.  ACS has engaged in, and continues to engage in,

23  a common course of wage and hour abuse against call center employees in the state of

24  Washington.  ACS solicits these employees, including Plaintiff Hill, from the Washington labor

25  market using advertisements and postings on internet websites.  ACS operates or has operated

26  call center facilities in Federal Way, Kent, Auburn, Tumwater, Lacey, Randle, and Camas.  In

CLASS ACTION COMPLAINT - 6
CASE No. 2:11-cv-01959-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  these facilities, ACS provides "customer care" services to companies such as Verizon Wireless

2  and employs thousands of customer service employees to field phone calls for such companies.

3  ACS pays its call center customer service employees based on a hybrid model that combines an

4  hourly rate with complicated piece rates (the "ABC" compensation system). ACS's

5  compensation system results in employees performing unpaid work off-the-clock. ACS fails to

6  record and track all regular and overtime hours by call center customer service employees. On

7  information and belief, instead of recording and tracking all regular and overtime hours

8  worked, ACS only records and tracks the time in which call center customer service employees

9  are logged into ACS's phone system and taking calls or in special training sessions. ACS

10 requires call center customer service employees to perform uncompensated, off-the-clock work

11 when the employees are not logged into the ACS phone system. ACS also fails to pay

12 employees for all overtime work.

13        5.2    Off-the-Clock Work. ACS's common course of wage and hour abuse includes

14 routinely failing to compensate call center customer service employees for off-the-clock work.

15 As a result of this off-the-clock work, ACS's call center customer service employees are

16 deprived of straight-time and overtime wages. ACS has had actual or constructive knowledge

17 of the fact that call center employees are not being compensated for off-the-clock work.

18             a. Pre-Shift Work. During the applicable statute of limitations period, ACS

19 required Plaintiff Hill and proposed Class members to perform unpaid, pre-shift work,

20 including but not limited to finding an open computer terminal, starting the computer system by

21 entering a username and password, opening multiple programs required for their work—

22 including but not limited to the customer call database, the employee "notepad" program, the

23 "Doorways" program, the phone call "timer," the IEX schedule, the department phone number

24 spreadsheet for call transfers, and the ACSS customer database—and waiting for all necessary

25 programs to load, all before officially logging on to the phone system to "start" their scheduled

26 shift. The time for which ACS call center employees are paid begins only when they log on to

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  their phone systems, which they are not allowed to do until their scheduled shift start time.

2  Plaintiff Hill and proposed Class members are not paid for work performed before logging on

3  to the phone system.  During training, ACS emphasizes to call center employees that they must

4  arrive at work 15 minutes prior to their scheduled shift time in order to find a computer

5  terminal, activate the computer, open required programs, and perform other tasks before

6  logging on to the phone system (and thus starting the time clock) and taking their first call.

7  ACS pays call center customer service employees only for the time they are logged on to the

8  phone system, which normally corresponds with the scheduled shift time, not the time they are

9  actually working. In fact, employees are not permitted to log on to the phone system and start

10  the time clock until they have completed all of their pre-log-on work.  But if Plaintiff Hill and

11  proposed Class members are not logged on to the phone system and taking their first call at

12  their scheduled start time, they receive "points" which lead to discipline, up to and including

13  termination.  On information and belief, Plaintiff Hill and proposed Class members spend

14  approximately 15 minutes per day working on pre-shift activities alone.  The preliminary

15  activities are necessary for Plaintiff Hill and proposed Class members to perform their principal

16  work activities and are part of ACS's ordinary course of business.

17            b. Post-Shift Work.  During the applicable statute of limitations period, ACS

18  required Plaintiff Hill and proposed Class members to perform unpaid work after logging out of

19  the phone system (i.e., clocking out).  After logging out of the phone system and "ending" their

20  scheduled shifts, Plaintiff Hill and proposed Class members were required to close several

21  programs on their computers and sign out of the computers.  During training, ACS emphasizes

22  to call center employees that they must log out of their phone system (i.e., clock out) before

23  closing any open programs on their computers.  The computer programs that call center

24  customer service employees must close after "clocking out" can include but are not limited to

25  the customer call database, the employee "notepad" program, the "Doorways" program, the

26  phone call "timer," the IEX schedule, the department phone number spreadsheet for call

CLASS ACTION COMPLAINT - 8
CASE NO. 2:11-CV-01959-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  transfers, and the ACSS customer database.  On information and belief, Plaintiff Hill and

2  proposed Class members spend approximately 10–15 minutes per day working on post-shift

3  activities alone.  In addition, on information and belief, ACS requires call center customer

4  service employees to perform unpaid "call-backs" to customers outside of the employees'

5  scheduled shift time using a special code on the phone system for such work.

6      5.3      Overtime.  ACS's common course of wage and hour abuse includes routinely

7  failing to properly record and compensate call center customer service employees for all

8  overtime hours worked.  Call center customer service employees are entitled to one and one-

9  half times the regular rate of pay for all hours worked in excess of 40 hours per week.  As

10  outlined above, ACS fails to pay for pre-shift and post-shift work performed by call center

11  customer service employees, which results in failure to pay call center customer service

12  employees for one and one-half times the regular rate of pay for all hours worked in excess of

13  40 hours per week.  ACS has had actual or constructive knowledge of the fact that call center

14  customer service employees are not being compensated for all overtime hours worked.

15
## VI.  FIRST CLAIM FOR RELIEF
**(Violations of RCW 49.46.130 — Failure to Pay Overtime)**

16

17  6.1      Plaintiff Hill realleges and incorporates by reference each and every allegation

18  set forth in the preceding paragraphs.

19  6.2      RCW 49.46.130 provides that "no employer shall employ any of his employees

20  for a workweek longer than 40 hours unless such employee receives compensation for his

21  employment in excess of the hours above specified at a rate not less than one and one-half

22  times the regular rate at which he is employed."

23  6.3      WAC 296-128-550 provides that "[e]mployees who are compensated on

24  a…piece rate…basis, rather than an hourly wage rate, unless specifically exempt, are entitled to

25  one and one-half times the regular rate of pay for all hours worked in excess of forty per week."

26  6.4      WAC 296-128-550 further provides that overtime "may be paid at one and one-

half times the piecework rate during the overtime period, or the regular rate of pay may be

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    determined by dividing the amount of compensation received per week by the total number of

2    hours worked during that week. The employee is entitled to one and one-half times the regular

3    rate arrived at for all hours worked in excess of forty per week."

4         6.5    By the actions alleged above, ACS has violated the provisions of

5    RCW 49.46.130.

6         6.6    As a result of the unlawful acts of Defendants, Plaintiff Hill and the Class have

7    been deprived of compensation in amounts to be determined at trial and pursuant to

8    RCW 49.46.090, Plaintiff Hill and the Class are entitled to recovery of such damages, including

9    interest thereon, as well as attorneys' fees and costs.

10                        **VII.  SECOND CLAIM FOR RELIEF**
                **(Violations of RCW 49.48.010 – Failure to Pay Wages Owed at Termination)**
11
         7.1    Plaintiff Hill realleges and incorporates by reference each and every allegation
12
     set forth in the preceding paragraphs.
13
         7.2    RCW 49.48.010 provides that "[w]hen any employee shall cease to work for an
14
     employer, whether by discharge or by voluntary withdrawal, the wages due him on account of
15
     his employment shall be paid to him at the end of the established pay period."
16
         7.3    By the actions alleged above, Defendants have violated the provisions of RCW
17
     49.48.010.
18
         7.4    As a result of Defendants' unlawful acts, Plaintiff Hill and the Class have been
19
     deprived of compensation in amounts to be determined at trial and, are entitled to such
20
     damages, including interest thereon, and pursuant to RCW 49.48.030, Plaintiff Hill and Class
21
     members are entitled to payment of attorneys' fees as well.
22
                         **VIII.  THIRD CLAIM FOR RELIEF**
23                  **(Violation of RCW 49.52.050 — Willful Refusal to Pay Wages)**

24        8.1    Plaintiff Hill realleges and incorporates by reference each and every allegation

25    set forth in the preceding paragraphs.

26

CLASS ACTION COMPLAINT - 10
CASE NO. 2:11-CV-01959-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    8.2    RCW 49.52.050 provides that any employer or agent of any employer who,

2  "[w]ilfully and with intent to deprive the employee of any party of his wages, shall pay any

3  employee a lower wage than the wage such employer is obligated to pay such employee by any

4  statute, ordinance, or contract" shall be guilty of a misdemeanor.

5    8.3    Violations of RCW 49.46.130, as discussed above, constitute violations of

6  RCW 49.52.050.

7    8.4    Violations of RCW 49.48.010, as discussed above, constitute violations of RCW

8  49.52.050.

9    8.5    RCW 49.52.070 provides that any employer who violates the provisions of

10  RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld,

11  attorneys' fees, and costs.

12    8.6    By the actions alleged above, Defendants have violated the provisions of

13  RCW 49.52.050.

14    8.7    As a result of the willful, unlawful acts of Defendants, Plaintiff Hill and the

15  Class have been deprived of compensation in amounts to be determined at trial and pursuant to

16  RCW 49.52.070, Plaintiff Hill and the Class are entitled to recovery of twice such damages,

17  including interest thereon, as well as attorneys' fees and costs.

18  ### IX.  FOURTH CLAIM FOR RELIEF
  **(Violations of Washington's Consumer Protection Act – RCW 19.86)**

19

20    9.1    Plaintiff Hill realleges and incorporates by reference each and every allegation

21  set forth in the preceding paragraphs.

22    9.2    ACS has engaged in unfair or deceptive acts or practices by engaging in the

23  following courses of conduct: (i) failing to record and pay employees for straight time and

24  overtime; (ii) requiring or permitting employees to work off the clock; (iii) violating

25  RCW 49.46.130; (iv) violating RCW 49.46.090; (v) violating RCW 49.52.050; and (vi)

26  violating RCW 49.48.010.

CLASS ACTION COMPLAINT - 11
CASE NO. 2:11-CV-01959-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1        9.3      ACS's unfair and deceptive acts and practices repeatedly occurred in ACS's

2 trade or business and were capable of deceiving a substantial portion of the public, particularly

3 since ACS solicits employees from Washington's general labor market.

4        9.4      ACS's unfair and deceptive acts and practices affect the public interest.  RCW

5 49.12.010 provides, "The welfare of the state of Washington demands that all employees be

6 protected from conditions of labor which have a pernicious effect on their health."  Thus, the

7 Washington public has a strong interest in seeing that the provisions of Washington's wage and

8 hour laws are enforced.  Further, the unfair and deceptive acts and practices were committed in

9 the general course of ACS's business in Washington and have already injured thousands of

10 Washington residents.  There is a likelihood that ACS's practices will injure other members of

11 the Washington public, particularly since ACS solicits employees from Washington's general

12 labor market.  Moreover, ACS receives services from employees for which ACS does not pay,

13 unlike its competitors.  Finally, Washington does not recover taxes on that unpaid labor.

14        9.5      As a direct and proximate cause of ACS's unfair and deceptive acts and

15 practices, Plaintiff Hill and the Class have been injured and are entitled to recover treble

16 damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

17 **X.  PRAYER FOR RELIEF**

18      WHEREFORE, Plaintiff Hill, on her own behalf and on behalf of the members of the

19 Class, pray for judgment against Defendants as follows:

20        A.      Certification of the proposed Plaintiff Class;

21        B.      A declaration that Defendants are financially responsible for notifying all Class

22 members of its wage and hour violations;

23        C.      Appoint Plaintiff Hill as representative of the Class;

24        D.      Appoint the undersigned counsel as counsel for the Class;

25        E.      Declare that Defendants' actions complained of herein violate RCW 49.46.130,

26 RCW 49.48.010, RCW 49.52.050, and RCW 19.86;

CLASS ACTION COMPLAINT - 12
CASE NO. 2:11-CV-01959-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.350.3528
www.tmdwlaw.com

1    F.    Enjoin Defendants and their officers, agents, successors, employees,

2    representatives, and any and all persons acting in concert with Defendants, as provided by law,

3    from engaging in the unlawful and wrongful conduct set forth herein;

4    G.    Award Plaintiff Hill and the Class compensatory and exemplary damages, as

5    allowed by law;

6    H.    Award Plaintiff Hill and the Class attorneys' fees and costs, as allowed by law;

7    I.    Award Plaintiff Hill and the Class prejudgment and post-judgment interest, as

8    provided by law;

9    J.    Permit Plaintiff Hill and the Class leave to amend the Complaint to conform to

10    the evidence presented at trial; and

11    K.    Grant such other and further relief as the Court deems necessary, just, and

12    proper.

13    DATED this 19th day of April, 2012.

TERRELL MARSHALL DAUDT & WILLIE PLLC

14

15

16    By:  /s/ Toby J. Marshall, WSBA #32726
        Toby J. Marshall, WSBA #32726
        Email:  tmarshall@tmdwlaw.com
17      Marc C. Cote, WSBA #39824
        Email:  mcote@tmdwlaw.com
18      936 North 34th Street, Suite 400
        Seattle, Washington  98103
19      Telephone:  (206) 816-6603
        Facsimile: (206) 350-3528
20

21    MACLEOD LLC

22
        Jon W. MacLeod, WSBA #8491
23      E-Mail: jwm@jwmacleodlaw.com
        1700 Seventh Avenue, Suite 2100
24      Seattle, Washington 98101
        Telephone: (206) 357-8470
25      Facsimile: (206) 357-8401

26
        *Attorneys for Plaintiff Hill*

CLASS ACTION COMPLAINT - 13
CASE NO. 2:11-CV-01959-RAJ

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com