HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TIFFANY HILL, individually and on behalf of
all others similarly situated,

Plaintiff,

v.

XEROX BUSINESS SERVICES, LLC, a
Delaware Limited Liability Company,
LIVEBRIDGE, INC., an Oregon Corporation,
AFFILIATED COMPUTER SERVICES,
INC., a Delaware Corporation, AFFILIATED
COMPUTER SERVICES, LLC, a Delaware
Limited Liability Company,

Defendants.

NO. 2:12-cv-00717-JCC

**SECOND AMENDED CLASS
ACTION COMPLAINT**

Plaintiff Tiffany Hill, by her undersigned attorneys, for this class action complaint

against Defendants Xerox Business Services, LLC,  LiveBridge, Inc., Affiliated Computers

Services, Inc., and Affiliated Computers Services, LLC (collectively "ACS" or "Defendants"),

alleges as follows:

## I.  INTRODUCTION

1.1     Nature of Action.  Plaintiff Tiffany Hill brings this action against Defendants for

engaging in a systematic scheme of wage and hour abuse against customer service employees

in the state of Washington.  This scheme has involved, among other things, requiring or

SECOND AMENDED CLASS ACTION
COMPLAINT – 1
CASE NO. 2:12-cv-00717-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   permitting employees to work off the clock, failing to pay employees for all hours worked,

2   allowing employees to perform unpaid work during meal and rest periods, and failing to pay

3   employees for overtime work.

## II. JURISDICTION AND VENUE

5       2.1    <u>Jurisdiction</u>.  Defendants are within the jurisdiction of this Court.  This Court

6   has jurisdiction over this case under 28 U.S.C. § 1332(d)(2) in that: (1) this is a class action

7   with more than one hundred (100) class members; (2) Defendant Xerox Business Services,

8   LLC ("Xerox") is a citizen of the state of Delaware; Defendant Affiliated Computer Services,

9   Inc. is a citizen of the state of Delaware; Defendant Affiliated Computer Services, LLC is a

10  citizen of the state of Delaware; and Defendant Livebridge, Inc. ("Livebridge") is a citizen of

11  the state of Oregon; (3) Plaintiff is a resident of the state of Washington; and (4) upon

12  information and belief, the matter in controversy exceeds the sum or value of $5,000,000,

13  exclusive of interest and costs.

14      2.2    <u>Venue</u>.  Venue of this case in this Court is proper: (1) pursuant to 28 U.S.C.

15  § 1391(a)(1) in that Defendants do sufficient business in this District to subject them to

16  personal jurisdiction herein; and (2) pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part

17  of the events or omissions giving rise to the claim occurred in this District.

18      2.3    <u>Governing Law</u>.  The claims of Plaintiff and the Class members asserted in this

19  class action complaint are brought solely under state law causes of action and are governed

20  exclusively by Washington law.  The claims of Plaintiff and the Class members are individual

21  claims and do not unite or enforce a single title or right to which Plaintiff and the Class have a

22  common and undivided interest.

## III. PARTIES

24      3.1    <u>Plaintiff Tiffany Hill</u>.  Plaintiff Hill is a citizen of Washington State.  Plaintiff

25  Hill was solicited for an ACS customer service position by means of an ACS Internet job

26  posting on Craigslist.  The job posting expressly stated that employees of ACS would be paid

SECOND AMENDED CLASS ACTION
COMPLAINT – 2
CASE NO. 2:12-cv-00717-JCC

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   hourly rates for hours worked and impliedly represented that employees of ACS would be paid

2   in conformity with Washington law.  Ms. Hill applied for the advertised position and was hired

3   by ACS as a non-exempt customer care assistant in September 2011.  Plaintiff Hill was

4   employed by ACS as a customer care assistant in one of Defendants' call centers in Federal

5   Way, Washington from September 2011 to April 2012.  ACS required Plaintiff Hill to perform

6   unpaid work off-the-clock before and after her scheduled shift.  ACS failed to pay Plaintiff Hill

7   for all hours worked, including overtime hours.  ACS terminated Plaintiff Hill on April 6, 2012

8   and willfully failed to pay the wages due to her.

9       3.2     Defendant Xerox Business Services, LLC.  Xerox is a Delaware LLC with its

10   headquarters in Texas.  Xerox is licensed to do business in Washington and conducts business

11   in Washington.  Xerox has employed thousands of employees in Washington, including

12   Plaintiff and the proposed Class members.  On information and belief, Xerox is either the

13   parent company or affiliate of co-Defendants Livebridge, Affiliated Computer Services, Inc.,

14   and Affiliated Computer Services, LLC, and Xerox has exercised control over Livebridge and

15   the Affiliated Computer Services companies.  Xerox conducts business in and employs

16   thousands of employees in the Western District of Washington.

17       3.3     Defendant Livebridge, Inc.  Livebridge is an Oregon corporation with its

18   headquarters in Texas.  On information and belief, Livebridge is the subsidiary company or

19   affiliate of co-Defendant Xerox.  Livebridge is licensed to do business in Washington and

20   conducts business in Washington.  On information and belief, Livebridge has employed

21   thousands of employees in Washington, including Plaintiff and the proposed Class members.

22       3.4     Defendant Affiliated Computer Services, Inc.  Affiliated Computer Services,

23   Inc. is a Delaware corporation with its headquarters in Texas.  On information and belief,

24   Affiliated Computer Services, Inc. is the subsidiary or affiliate of co-Defendant Xerox and was

25   acquired by Xerox Corporation in 2010.  Affiliated Computer Services, Inc. is licensed to do

26   business in Washington and has conducted business in Washington.  On information and belief,

1    Affiliated Computer Services, Inc. has employed thousands of employees in Washington,

2    including Plaintiff and the proposed Class members.

3          3.5    Defendant Affiliated Computer Services, LLC.  Affiliated Computer Services,

4    LLC is a Delaware limited liability company with its headquarters in Texas.  On information

5    and belief, Affiliated Computer Services, LLC is the subsidiary or affiliate of co-Defendant

6    Xerox.  Affiliated Computer Services, LLC became licensed to do business in Washington on

7    January 19, 2010 and on information and belief, has conducted business in Washington.  On

8    information and belief, Affiliated Computer Services, LLC employs thousands of employees in

9    Washington, including the proposed Class members.

10

11                           **IV.  CLASS ACTION ALLEGATIONS**

12          4.1    Class Definition: Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings

13    this case as a class action on behalf of a Class defined as follows:

14                 All current and former employees of Defendants Xerox Business
                   Services, LLC, Livebridge, Inc., Affiliated Computers Services,
15                 Inc., and/or Affiliated Computer Services, LLC who have worked
                   at any of Defendants' facilities in the State of Washington as
16                 Customer Care Assistants, Customer Care Representatives,
                   Customer Service Representatives, Customer Service Associates,
17                 or in other similar positions between June 5, 2010 and the date of
                   final disposition of this action.
18

19    Excluded from the Class are Defendants, any entity in which a Defendant has a controlling

20    interest or that has a controlling interest in a Defendant, and Defendants' legal representatives,

21    assignees, and successors.  Also excluded are the judge to whom this case is assigned and any

22    member of the judge's immediate family.

23          4.2    Numerosity.  Plaintiff believes there are over six thousand current or former

24    ACS employees composing the Class.  The members of the Class are so numerous that joinder

25    of all members is impracticable.  Moreover, the disposition of the claims of the Class in a

26    single action will provide substantial benefits to all parties and the Court.

SECOND AMENDED CLASS ACTION
COMPLAINT – 4
CASE NO. 2:12-cv-00717-JCC

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1     4.3     Commonality.  There are numerous questions of law and fact common to

2   Plaintiff and Class members.  These questions include, but are not limited to, the following:

3          a.     Whether Defendants have engaged in a common course of failing to

4   properly compensate customer service employees for all hours worked, including overtime;

5          b.     Whether Defendants have engaged in a common course of requiring or

6   permitting customer service employees to work off the clock without compensation;

7          c.     Whether Defendants have engaged in a common course of requiring or

8   permitting customer service employees not to report all hours worked;

9          d.     Whether Defendants have engaged in a common course of failing to

10   maintain true and accurate time records for all hours worked by customer service employees;

11          e.     Whether Defendants have violated RCW 49.46.130;

12          f.     Whether Defendants have violated RCW 49.46.090;

13          g.     Whether Defendants have violated RCW 49.48.010;

14          h.     Whether Defendants have violated RCW 49.52.050;

15          i.     Whether Defendants have violated the Washington Consumer Protection

16   Act, RCW 19.86.010 – .920;

17          j.     Whether Defendants have violated RCW 49.12.020;

18          k.     Whether Defendants have violated WAC 296-126-092; and

19          l.     The nature and extent of class-wide injury and the measure of

20   compensation for such injury.

21     4.4     Typicality.  The claims of the Plaintiff Hill are typical of the claims of the Class.

22   Plaintiff Hill was employed in Washington by Defendants as a Customer Care Assistant and

23   thus is a member of the proposed Class.  Plaintiff Hill's claims, like the claims of the Class,

24   arise out of the same common course of conduct by Defendants and are based on the same legal

25   and remedial theories.

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    4.5    <u>Adequacy</u>.  Plaintiff Hill will fairly and adequately protect the interests of the

2  Class.  Plaintiff Hill has retained competent and capable attorneys who are experienced trial

3  lawyers with significant experience in complex and class action litigation, including

4  employment law.  Plaintiff Hill and her counsel are committed to prosecuting this action

5  vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff

6  Hill nor her counsel have interests that are contrary to or that conflict with those of the

7  proposed Class.

8    4.6    <u>Predominance</u>.  Defendants have engaged in a common course of wage and hour

9  abuse toward Plaintiff Hill and members of the Class.  The common issues arising from this

10  conduct that affect Plaintiff Hill and members of the Class predominate over any individual

11  issues.  Adjudication of these common issues in a single action has important and desirable

12  advantages of judicial economy.

13    4.7    <u>Superiority</u>.  Plaintiff Hill and Class members have suffered and will continue to

14  suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.  Absent a

15  class action, however, most Class members likely would find the cost of litigating their claims

16  prohibitive.  Class treatment is superior to multiple individual suits or piecemeal litigation

17  because it conserves judicial resources, promotes consistency and efficiency of adjudication,

18  provides a forum for small claimants, and deters illegal activities.  There will be no significant

19  difficulty in the management of this case as a class action.  The Class members are readily

20  identifiable from Defendants' records.

21             **V.  SUMMARY OF FACTUAL ALLEGATIONS**

22    5.1    <u>Common Course of Conduct</u>.  Defendants have engaged in, and continue to

23  engage in, a common course of wage and hour abuse against customer service employees in the

24  state of Washington.  Defendants solicit these employees, including Plaintiff Hill, from the

25  Washington labor market using advertisements and postings on Internet websites, including but

26  not limited to Craigslist.  In its advertisements and postings on Internet websites, Defendants

SECOND AMENDED CLASS ACTION
COMPLAINT – 6
CASE No. 2:12-cv-00717-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  expressly represent that employees will be paid at hourly rates for hours worked and impliedly

2  represent that employees will be paid in conformity with Washington law.  Defendants operate

3  or have operated facilities in Federal Way, Kent, Auburn, Tumwater, Lacey, and Spokane.  In

4  these facilities, Defendants provide "customer care" services to companies such as Verizon

5  Wireless, Red Lion Hotels, and TicketsWest, and employs thousands of customer service

6  employees to field telephone calls for such companies.  Defendants pay customer service

7  employees based on a hybrid model that combines hourly rates with per-minute rates and/or

8  per-unit rates for time spent on telephone calls with customers and/or other tasks (the "ABC"

9  compensation system).  Defendants' compensation system results in employees performing

10 unpaid work off-the-clock, during rest and meal periods, and during scheduled shifts.

11 Defendants fail to record and track all regular and overtime hours by customer service

12 employees.  For example, instead of recording and tracking all regular and overtime hours

13 worked, Defendants only record and track the time in which customer service employees are

14 logged into the phone system and taking calls or in special training sessions.  As another

15 example, Defendants require customer service employees to perform uncompensated, off-the-

16 clock work when the employees are not logged into the time-keeping system and when the

17 employees are logged into certain auxiliary codes in the system.  Defendants also fail to pay

18 employees for all overtime work.

19     5.2    Off-the-Clock Work.  Defendants' common course of wage and hour abuse

20 includes routinely failing to compensate customer service employees for off-the-clock work.

21 As a result of this off-the-clock work, Defendants' customer service employees are deprived of

22 straight-time and overtime wages.  Defendants have had actual or constructive knowledge of

23 the fact that customer service employees are not being compensated for off-the-clock work.

24         a.    Pre-Shift Work.  During the applicable statute of limitations period,

25 Defendants required Plaintiff Hill and proposed Class members to perform unpaid, pre-shift

26 work, including but not limited to finding an open computer terminal, starting the computer

SECOND AMENDED CLASS ACTION
COMPLAINT – 7
CASE NO. 2:12-cv-00717-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  system by entering a username and password, opening multiple programs required for their

2  work—including but not limited to the customer call database, the employee "notepad"

3  program, the "Doorways" program, the phone call "timer," the IEX schedule, the department

4  phone number spreadsheet for call transfers, and the ACSS customer database—and waiting for

5  all necessary programs to load, all before officially logging on to the time-keeping system to

6  "start" their scheduled shifts.  The time for which Defendants' customer service employees are

7  paid begins only when they log on to their phone or other work systems, which they are not

8  allowed to do until their scheduled shift start time.  Plaintiff Hill and proposed Class members

9  are not paid for work performed before logging on to the system.  During training, Defendants

10 emphasize to customer service employees that they must arrive at work 15 minutes prior to

11 their scheduled shift time in order to find a computer terminal, activate the computer, open

12 required programs, and perform other tasks before logging on to the system (and thus starting

13 the time clock) and beginning their first transaction.  Defendants pay customer service

14 employees only for the time they are logged on to the system, which normally corresponds with

15 the scheduled shift time, not the time they are actually working. In fact, employees are not

16 permitted to log on to the system and start the time clock until they have completed all of their

17 pre-log-on work.  But if Plaintiff Hill and proposed Class members are not logged on to the

18 system at their scheduled start time, they receive "points" which lead to discipline, up to and

19 including termination.  On information and belief, Plaintiff Hill and proposed Class members

20 spend approximately 15 minutes per day working on pre-shift activities alone.  The preliminary

21 activities are necessary for Plaintiff Hill and proposed Class members to perform their principal

22 work activities and are part of Defendants' ordinary course of business.  Defendants have had

23 actual or constructive knowledge of the fact that customer service employees are not being

24 compensated for pre-shift work.

25

26

SECOND AMENDED CLASS ACTION
COMPLAINT – 8
CASE NO. 2:12-cv-00717-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

b.      Post-Shift Work.  During the applicable statute of limitations period, Defendants required Plaintiff Hill and proposed Class members to perform unpaid work after logging out of the system (i.e., clocking out).  After logging out of the system and "ending" their scheduled shifts, Plaintiff Hill and proposed Class members were required to close several programs on their computers and sign out of the computers.  During training, Defendants emphasize to customer service employees that they must log out of their system (i.e., clock out) before closing any open programs on their computers.  The computer programs that customer service employees must close after "clocking out" can include but are not limited to the customer call database, the employee "notepad" program, the "Doorways" program, the phone call "timer," the IEX schedule, the department phone number spreadsheet for call transfers, and the ACSS customer database.  On information and belief, Plaintiff Hill and proposed Class members spend approximately 10–15 minutes per day working on post-shift activities alone.  In addition, on information and belief, Defendants require customer service employees to perform unpaid follow-up work and "call-backs" to customers outside of the employees' scheduled shift time.

5.3     Other Unpaid Work.  During the applicable statute of limitations period, Defendants have failed to pay Plaintiffs and proposed Class members for all hours worked during the scheduled and recorded workday.  Under Defendants' ABC or incentive-based compensation plans, Defendants record and pay for the work of Plaintiffs and proposed Class using separate per-minute, per-unit, or per-hour rates for assigned customer service tasks and other activities.  Under the ABC plan, Defendants do not pay for all hours worked by Plaintiffs and proposed Class members.  Moreover, Defendants' compensation system results in employees performing unpaid work during rest periods and meal periods.  Defendants have had actual or constructive knowledge of the fact that customer service employees are not being compensated for all hours worked, including hours worked during rest periods and meal periods.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    5.4    <u>Overtime</u>.  Defendants' common course of wage and hour abuse includes

2    routinely failing to properly record and compensate customer service employees for all

3    overtime hours worked.  Customer service employees are entitled to one and one-half times the

4    regular rate of pay for all hours worked in excess of 40 hours per week.  As outlined above,

5    Defendants fail to pay for pre-shift and post-shift work performed by customer service

6    employees, which results in failure to pay customer service employees for one and one-half

7    times the regular rate of pay for all hours worked in excess of 40 hours per week.  Defendants

8    have had actual or constructive knowledge of the fact that customer service employees are not

9    being compensated for all overtime hours worked.

## VI.  FIRST CLAIM FOR RELIEF

### (Violations of RCW 49.46.090 – Failure to Pay Minimum Wage)

12    6.1    Plaintiff Hill realleges and incorporates by reference each and every allegation

13    set forth in the preceding paragraphs.

14    6.2    Defendants failed to pay Plaintiff Hill and the Class for all hours worked.

15    6.3    Under RCW 49.46.090, employers must pay employees all wages to which they

16    are entitled under the Washington Minimum Wage Act.  If the employer fails to do so, RCW

17    49.46.090 requires that the employer pay the employee the full amount of the statutory wage

18    rate less any amount actually paid to the employee.

19    6.4    By the actions alleged above, Defendants has violated the provisions of RCW

20    49.46.090.

21    6.5    As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of

22    compensation in amounts to be determined at trial and pursuant to RCW 49.46.090, Plaintiffs

23    are entitled to the recovery of such damages, including interest thereon, as well as attorneys'

24    fees and costs.

25

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## VII.  SECOND CLAIM FOR RELIEF
### (Violations of RCW 49.46.130 — Failure to Pay Overtime)

7.1     Plaintiff Hill realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.2     RCW 49.46.130 provides that "no employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

7.3     By the actions alleged above, Defendants have violated the provisions of RCW 49.46.130.

7.4     As a result of the unlawful acts of Defendants, Plaintiff Hill and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.46.090, Plaintiff Hill and the Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs.

## VIII.  THIRD CLAIM FOR RELIEF
### (Violations of RCW 49.48.010 – Failure to Pay Wages Owed at Termination)

8.1     Plaintiff Hill realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

8.2     RCW 49.48.010 provides that "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period."

8.3     By the actions alleged above, Defendants have violated the provisions of RCW 49.48.010.

8.4     As a result of Defendants' unlawful acts, Plaintiff Hill and the Class have been deprived of compensation in amounts to be determined at trial and, are entitled to such damages, including interest thereon, and pursuant to RCW 49.48.030, Plaintiff Hill and Class members are entitled to payment of attorneys' fees as well.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## IX.  FOURTH CLAIM FOR RELIEF
### (Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest and Meal Periods)

9.1     Plaintiff Hill realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

9.2     RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

9.3     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

9.4     Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

9.5     WAC 296-126-092 provides that employees shall be allowed certain paid rest and meal periods during their shifts.

9.6     By the actions alleged above, including the failure to provide customers service employees proper rest and meal periods, Defendants have violated the provisions of RCW 49.12.020 and WAC 296-126-092.

9.7     As a result of the unlawful acts of Defendants, Plaintiff Hill and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees pursuant to RCW 49.48.030 and costs.

## X.  FIFTH CLAIM FOR RELIEF
### (Violation of RCW 49.52.050 — Willful Refusal to Pay Wages)

10.1    Plaintiff Hill realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

10.2     RCW 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

10.3     Defendants' violations of RCW 49.46.130, RCW 49.46.090, RCW 49.48.010, RCW 49.12.020, and WAC 296-126-092, as discussed above, were willful and constitute violations of RCW 49.52.050.

10.4     RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

10.5     By the actions alleged above, Defendants have violated the provisions of RCW 49.52.050.

10.6     As a result of the willful, unlawful acts of Defendants, Plaintiff Hill and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiff Hill and the Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

## XI.  SIXTH CLAIM FOR RELIEF
### (Violations of Washington's Consumer Protection Act – RCW 19.86)

11.1     Plaintiff Hill realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

11.2      Defendants have engaged in unfair or deceptive acts or practices by engaging in the following courses of conduct: (i) soliciting employees, including Plaintiff Hill, from the general public and expressly representing that  employees will be paid hourly rates for hours worked, and impliedly representing that employees will be paid in conformity with Washington law; (ii) failing to record and pay employees for straight time and overtime; (iii) requiring or permitting employees to work off the clock; (iv) violating RCW 49.46.130; (v) violating RCW 49.46.090; (vi) violating RCW 49.52.050; and (vii) violating RCW 49.48.010.

SECOND AMENDED CLASS ACTION
COMPLAINT – 13
CASE NO. 2:12-cv-00717-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

11.3    Defendants' unfair and deceptive acts and practices repeatedly occurred in Defendants' trade or business and were capable of deceiving a substantial portion of the public, particularly since Defendants solicit employees from Washington's general labor market using Internet advertisements in which Defendants expressly represent that employees will be paid hourly rates for hours worked and impliedly represent that employees will be paid in conformity with Washington law.

11.4    Defendants' unfair and deceptive acts and practices affect the public interest. RCW 49.12.010 provides, "The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health." Thus, the Washington public has a strong interest in seeing that the provisions of Washington's wage and hour laws are enforced. Further, the unfair and deceptive acts and practices were committed in the general course of Defendants' business in Washington and have already injured thousands of Washington residents. There is likelihood that Defendants' practices will injure other members of the Washington public, particularly since Defendants solicit employees from Washington's general labor market and expressly represent that employees will be paid an hourly rate for hours worked and impliedly represent that employees will be paid in conformity with Washington law. Moreover, Defendants receive services from employees for which Defendants do not pay, unlike their competitors. Finally, Washington does not recover taxes on that unpaid labor.

11.5    As a direct and proximate cause of Defendants' unfair and deceptive acts and practices, Plaintiff Hill and the Class have been injured and are entitled to recover treble damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

## XII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hill, on her own behalf and on behalf of the members of the Class, pray for judgment against Defendants as follows:

A.    Certification of the proposed Plaintiff Class;

SECOND AMENDED CLASS ACTION
COMPLAINT – 14
CASE NO. 2:12-cv-00717-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    B.    A declaration that Defendants are financially responsible for notifying all Class

2    members of its wage and hour violations;

3    C.    Appoint Plaintiff Hill as representative of the Class;

4    D.    Appoint the undersigned counsel as counsel for the Class;

5    E.    Declare that Defendants' actions complained of herein violate RCW 49.46.090,

6    RCW 49.46.130, RCW 49.48.010, RCW 49.52.050, RCW 49.12.020, WAC 296-126-092, and

7    RCW 19.86;

8    F.    Enjoin Defendants and their officers, agents, successors, employees,

9    representatives, and any and all persons acting in concert with Defendants, as provided by law,

10   from engaging in the unlawful and wrongful conduct set forth herein;

11   G.    Award Plaintiff Hill and the Class compensatory and exemplary damages, as

12   allowed by law;

13   H.    Award Plaintiff Hill and the Class attorneys' fees and costs, as allowed by law;

14   I.    Award Plaintiff Hill and the Class prejudgment and post-judgment interest, as

15   provided by law;

16   J.    Permit Plaintiff Hill and the Class leave to amend the Complaint to conform to

17   the evidence presented at trial; and

18   K.    Grant such other and further relief as the Court deems necessary, just, and

19   proper.

20

21

22

23

24

25

26

1    RESPECTFULLY SUBMITTED AND DATED this 22nd day of January, 2013.

2    TERRELL MARSHALL DAUDT & WILLIE PLLC

3

4    By: _/s/ Toby J. Marshall, WSBA #32726_
     Toby J. Marshall, WSBA #32726
5    Email:  tmarshall@tmdwlaw.com
     Marc C. Cote, WSBA #39824
6    Email:  mcote@tmdwlaw.com
     936 North 34th Street, Suite 400
7    Seattle, Washington  98103
     Telephone:  (206) 816-6603
8    Facsimile: (206) 350-3528

9    Jon W. MacLeod, WSBA #8491
     E-Mail: jwm@jwmacleodlaw.com
10   MACLEOD LLC
     1700 Seventh Avenue, Suite 2100
11   Seattle, Washington 98101
     Telephone: (206) 357-8470
12   Facsimile: (206) 357-8401

13
     Daniel F. Johnson, WSBA #27848
14   E-Mail: djohnson@bjtlegal.com
     BRESKIN JOHNSON & TOWNSHEND, PLLC
15   1111 Third Avenue, Suite 2230
     Seattle, Washington  98101
16   Telephone:  (206) 652-8660
     Facsimile:  (206) 652-8290
17

18   *Attorneys for Plaintiff Hill*

19

20

21

22

23

24

25

26

SECOND AMENDED CLASS ACTION
COMPLAINT – 16
CASE NO. 2:12-cv-00717-JCC

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Toby J. Marshall, hereby certify that on January 22, 2013, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

Patrick M. Madden, WSBA #21356

6

Email:  patrick.madden@klgates.com
Ryan D. Redekopp, WSBA #36853

7

Email: ryan.redekopp@klgates.com
K&L GATES LLP

8

925 Fourth Avenue, Suite 2900

9

Seattle, Washington  98104-1158
Telephone:  (206) 623-7580

10

Facsimile:  (206) 623-7022

11

*Attorneys for Defendants*

12

DATED this 22nd day of January, 2013.

13

TERRELL MARSHALL DAUDT & WILLIE PLLC

14

15

By:  /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726

16

Email:  tmarshall@tmdwlaw.com
936 North 34th Street, Suite 400

17

Seattle, Washington  98103
Telephone:  (206) 816-6603

18

Facsimile: (206) 350-3528

19

*Attorneys for Plaintiff*

20

21

22

23

24

25

26

SECOND AMENDED CLASS ACTION
COMPLAINT – 17
CASE NO. 2:12-cv-00717-JCC