THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY HILL,<br><br>        Plaintiff,<br><br>    v.<br><br>XEROX CORPORATION, et al.,<br><br>        Defendants. | CASE NO. C12-0717-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motions to seal (Dkt. Nos. 45, 53, 64). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part the motions for the reasons explained herein.

## I.    BACKGROUND

Defendants' motions to seal are placeholder motions under Local Civil Rule 5(g)(2) and the parties' stipulated protective order, which was approved by the Court. (Dkt. No. 32.) Plaintiff has filed responses to the motions to seal, arguing that Defendants have failed to meet their burden of demonstrating either good cause or compelling reasons to seal the relevant documents. (Dkt. Nos. 49, 68). In their replies, Defendants have provided more details about the relevant documents. (Dkt. Nos. 50, 71, 72.)

## II.    DISCUSSION

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). A party seeking to keep documents attached to a dispositive motion under seal must "meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.* at 1180. To keep documents attached to a non-dispositive motion under seal, a party need only show "good cause" under Federal Rule of Civil Procedure 26(c). *Id.*

### 1. Protective order

The local rules provide that "[t]here is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g). The parties' stipulated protective order concerned the treatment of confidential information but did not provide a blanket justification for overcoming this presumption. Instead, the protective order explicitly provided that it did not "presumptively entitle parties to file confidential information under seal." (Dkt. No. 31-1 at 2.)

### 2. First Motion to Seal (Dkt. No. 45)

Defendants' first motion to seal concerns approximately 250 pages of documents, which the Court has reviewed. The parties agree that the standard for reviewing whether these documents should remain under seal is whether "good cause" exists. (Dkt. No. 45 at 1; Dkt. No. 49 at 1.) Defendant argues that there are three categories of documents, all of which should remain under seal: documents containing information regarding the rates and methods for determining employee compensation (Dkt. No. 50 at 5); documents containing the geographic and staffing information about call centers (Dkt. No. 50 at 6); and documents detailing the call centers' operational policies and procedures (Dkt. No. 50 at 7). The Court finds that it is appropriate to maintain under seal these documents because they contain confidential information related to how Defendants operate and maintain their call center. Indeed, many of the documents contain enough detail that they are "sources of business information that might harm [Defendant's] competitive standing" if revealed. *In re Electronic Arts, Inc.*, 298 Fed. App'x

568, 569 (9th Cir. 2008). Although there is a presumption of public access to court files, the information contained in these documents has little public value beyond that presumption. *See Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939-JLR, 2013 WL 5674997 at *2 (W.D. Wash. Oct. 17, 2013) (recognizing that "good cause" standard applies because public interest is relatively low). Instead, the documents contain details about Defendants' business operations that would primarily be of interest for Defendants' competitors. Accordingly, the Court finds that there is good cause to keep these documents under seal.

### 3. Second Motion to Seal (Dkt. No. 53)

Defendants also seek to seal a number of declarations from various individuals discussing the operational details of the relevant call centers. The parties agree that the "good cause" standard should apply in determining whether these should remain under seal. (Dkt. No. 53 at 1–2; Dkt. No. 68 at 2.) Having reviewed the substance of the declarations themselves, the Court concludes that some of the information is repetitive of unsealed information contained in the parties' motions, but there are also numerous details about the employee compensation plan and how the call centers are operated. As Defendants argue, these policies and procedures determine the productivity and efficiency of the call centers and constitute competitively sensitive information. And like the documents already discussed, these operational details have little public value beyond that inherent in the value of having any court records be publically available. The Court therefore finds that good cause exists to keep these documents sealed.

### 4. Motion to Seal Dkt. No. 65

Defendants' third motion to seal relates to the ACS employee guidebook, portions of the Xerox Services employee guidebook, and copies of the compensation plan used at one call center. (Dkt. No. 65.) These documents are provided in support of Defendants' motion for partial summary judgment and should therefore remain under seal only if "compelling reasons" exist. *See Kamakana,* 447 F.3d at 1180. Having reviewed the documents, the Court concludes that the copy of the compensation plan is detailed information regarding the employee-compensation

plan. As both parties appear to agree, details about the compensation plan are "sources of business information that might harm [Defendant's] competitive standing" if revealed. *Electronic Arts*, 298 Fed. App'x at 569. There are therefore compelling reasons to keep this document sealed. (Dkt. No. 65, Ex. C.)

Although Plaintiff argues that the Xerox Services employee guidebook is available online, it appears that the link would have been unavailable without a password. (Dkt. No. 72.) Even so, the Court has reviewed the employee guidebooks, and most—perhaps even all—of the information in these guidebooks appears to be relatively generic. The Court does not see how disclosure of this information could damage Defendants. Indeed, most of Defendants' argument in this motion to seal is about the nature of the employee-compensation information, not the information available in the employee guidebooks. (Dkt. No. 72 at 4–5.) The Court therefore concludes that Defendants have failed to show that there are compelling reasons for keeping these two documents sealed.

Defendants are directed to comply with one of the followings options by April 18, 2014: (1) file these employee guidebooks (Dkt. No. 65, Exs. A, B) not under seal, (2) file redacted versions of the guidebooks, with an accompanying memorandum providing a clear statement of the reasons for any redactions; or (3) file a memorandum providing a clear statement of the facts justifying maintaining these guidebooks under seal. Defendants should respond to this Order in a memorandum not to exceed 4 pages, which may be filed under seal if necessary, and include as attachments any unsealed or redacted versions of the relevant documents.

**5.   Plaintiff's Pay History**

Also filed under seal is a copy of Plaintiff's pay history. (Dkt. No. 66.) Defendants state that they filed this under seal "[i]n an abundance of caution" because they were unable to contact plaintiff's attorneys before filing. (Dkt. No. 64 at 5.) Plaintiff requests to unseal this document with redactions for "social security numbers or other personal data identifiers." (Dkt. No. 68 at 5.) Plaintiff's social security number is already obscured on these records. Plaintiff is directed to

file by April 18, 2014, any further objection she has to having this document unsealed. Otherwise, it will be unsealed at that time.

### III. CONCLUSION

For the foregoing reasons, Defendants' motions to seal (Dkt. Nos. 45, 53, 64) are GRANTED in part. Defendants are ORDERED to file the above-described memorandum and any attachments by April 18, 2014. Plaintiff is ORDERED to provide any further response regarding her pay history by April 18, 2014. The Clerk is respectfully directed to keep under seal all currently filed exhibits.

DATED this 7th day of April 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE