THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Tiffany Hill,<br><br>            Plaintiff,<br><br>    v.<br><br>Xerox Corporation,<br><br>            Defendant. | CASE NO. 2:12-cv-0717-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' Motion for Reconsideration and Motion to Amend (Dkt. No. 117). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.     BACKGROUND

Defendants sought partial summary judgment on whether their compensation system—referred to as the Achievement Based Compensation ("ABC") plan—complied with Washington's minimum-wage requirements. The Court denied summary judgment (Dkt. No. 116), and Defendants now move for reconsideration (Dkt. No. 117).

//

//

## II. DISCUSSION

### A. Motion to Clarify

The Court agrees that the sentence on page 6, line 7 was ambiguous and AMENDS the Order to read: "This reasoning and the Court's conclusion that this system is not a piecerate system also renders a summary-judgment determination appropriate on Defendants' related claims concerning overtime requirements, recorded hours, and the derivative claims. Summary judgment is therefore DENIED on these as well."

### B. Motion for Reconsideration

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Civ. R. W.D. Wash. 7(h)(1). Defendants first argue that new evidence received on May 20, 2014 concerning a DLI investigation justifies reconsideration. Thirteen employees filed complaints that they were not being paid for outbound calls. (Dkt. No. 118 at 2.) The DLI Investigator either independently determined or accepted Defendant's description of the plan as a piece-rate compensation system. (*See, e.g.*, Dkt. No. 124, Ex. 4.) At least three employees withdrew their complaints after these conversations, and DLI declined to investigate one claim based on a wage-transcription spreadsheet provided by Defendants. (Dkt. No. 124, Exs. 2–5.) Reconsideration is unnecessary because Defendants could have submitted this evidence in May if Defendants considered it dispositive of the pending motion. Moreover, Defendants provide no basis for concluding that the DLI investigator evaluated the legal issue presented to this Court, rather than merely accepting Defendants' description of its compensation system as a piece-rate system.

Defendants next argue that the Court ignored Defendants' original argument that they compensate employees on "other than an hourly basis" and therefore also ignored

the relevance of Administrative Police ES.A.3., which dictates that minimum-wage calculations should be made on a weekly basis "when the employee is compensated on other than an hourly basis." (Dkt. No. 117 at 3.) The Court cited and rejected this language and Defendant's argument on this issue, largely because of the conclusion that a system based on precise calculations of time should be viewed as an hourly system, even if an employer labels each minute as a piece of work. (Dkt. No. 116 at 5.) This is a conclusion about whether employees are appropriately viewed as working on an hourly basis. It therefore does not implicate questions of interpretative deference to a regulation discussing how to calculate wages if an employee is not working on an hourly basis.[1] The Court DENIES the motion for reconsideration.

The Court also denies reconsideration related to Rule 23(b)(3) because Defendants point to no new arguments and the parties were ordered to submit further briefing on the proposed class.

### C. Motion to Amend to Certify Under § 1292(b)

Although the Court denies the motion for reconsideration, it agrees with Defendants that the partial-summary-judgment determination affects a significant issue in the case, that it implicates issues of first impression on which there are substantial grounds for difference of opinion, and that an immediate appeal could advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). The Court therefore AMENDS the order and CERTIFIES that an immediate interlocutory appeal of the Court's denial of Defendants' motion for partial summary judgment is appropriate under 28 U.S.C. § 1292(b).

---

[1] Indeed, Defendants implicitly validate one of the Court's primary concerns in rejecting this argument by recognizing that Defendants' interpretation could require Courts to inquire into whether an employer's time-based compensation system is implemented in order to avoid minimum-wage restrictions on hourly workers. (Dkt. No. 117 at 4 n.3.)

ORDER
PAGE - 3

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration and to amend (Dkt. No. 117) is granted in part and denied in part.

DATED this 18th day of September 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE