THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY HILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>XEROX BUSINESS SERVICES, LLC, a Delaware Limited Liability Company, *et al.*,<br><br>Defendants. | CASE NO. C12-0717-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to define the scope of a certified class (Dkt. No. 142)[1] and motion to determine the number of interrogatories asked or for leave to serve additional interrogatories (Dkt. No. 144). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and issues the following order.

**I.   BACKGROUND**

The Court has provided a detailed factual background of this case in a prior order, which

---

[1] Plaintiff withdrew her motion the day before it noted for the Court's consideration. (Dkt. No. 152.) Nevertheless, the class definition issue posed by Plaintiff's motion is ripe for determination. (*See* Dkt. No. 116.)

ORDER
C12-0717-JCC
PAGE - 1

it will not repeat here. (*See* Dkt. No. 116.) On July 10, 2014, the Court denied Defendants' motion for partial summary judgment and granted in part Plaintiff's motion for class certification. (*Id*. at 13.) The Court chose not to precisely define the certified "ABC" class until it had a reviewed a class settlement agreement from a similar lawsuit (the "*Sump* settlement") to determine whether claims that were released in that case would bar some class members from participating in the present action. (*Id*. at 10, 13.) The Court directed the parties to file the *Sump* settlement under seal and "either (1) jointly file a stipulation defining a class that accounts for the *Sump* settlement; or (2) in the absence of any agreement, each file a brief not to exceed three pages explaining how the proposed class should account for the *Sump* settlement." (*Id*. at 10.)

The parties filed the *Sump* settlement agreement under seal, and each filed a brief explaining how the proposed ABC class in this case should account for the claims released in the *Sump* settlement. (Dkt. Nos. 121, 122, 123.) Defendants separately filed a motion for reconsideration, asking the Court to reconsider both its denial of Defendants' motion for partial summary judgment and its certification of the ABC class. (Dkt. No. 117.) The Court denied Defendants' motion for reconsideration, but amended its order to certify that an immediate interlocutory appeal of the Court's denial of Defendants' motion for partial summary judgment was appropriate under 28 U.S.C. § 1292. (*Id*. at 3.) Defendants subsequently appealed and moved to stay all proceedings in this case pending resolution of their interlocutory appeal. (Dkt. No. 128.) Although not objecting to a stay, Plaintiff asked the Court to issue an order defining the scope of the ABC certified class. (*See* Dkt. No. 129.) The Court stayed the case, but declined to provide a class definition. (*See* Dkt. No. 131.)

On July 3, 2019, the Ninth Circuit issued its mandate on Defendants' interlocutory appeal, affirming this Court's order denying Defendants' motion for partial summary judgment. (Dkt. No. 140); *Hill v. Xerox Business Services, LLC*, Case No. 14-36029 (9th Cir. 2019). Following issuance of the mandate, the Court lifted its stay and ordered the parties to file a joint status report "informing the Court of the most expeditious way to proceed to resolution of this

action." (Dkt. No. 141.)

Plaintiff subsequently filed two motions: a motion to define the scope of the ABC class (Dkt. No. 142), which is has since withdrawn; and a motion to "determine the number of interrogatories asked or for leave to serve more." (Dkt. No. 144). Defendant filed responses in opposition to both motions. (Dkt. Nos. 147, 150). In accordance with the Court's order, the parties filed a joint status report in which they recommended differing ways to proceed in this action. (*See* Dkt. No. 146.) Plaintiff recommends that the Court set a trial date and a corresponding case scheduling order. (*Id*. at 1–2.) Defendants recommend that the Court allow the parties to "submit briefs regarding how changes in the law and facts over the last five years impact the expeditious resolution of this case." (*Id*. at 2–3.)

## II. DISCUSSION

### A. Class Definition

The Court asked the parties to file briefs on how the *Sump* settlement affects the scope of the ABC class. (*See* Dkt. No. 116 at 10.) Plaintiff asserts that members of the *Sump* settlement class released all of their relevant wage-and-hour claims for conduct occurring "on or before June 4, 2010." (Dkt. No. 123 at 2.) Given the release date in the *Sump* settlement, Plaintiff asserts that the ABC class should cover all claims accruing on or after June 5, 2010. (*Id*. at 3.) In contrast, Defendants point out that the release of claims in the *Sump* settlement did not become "effective" until September 10, 2010, the date the arbitrator in that case entered a final approval of the class settlement. (Dkt. No. 121 at 3.) Given the effective date of the release, Defendants argue that the ABC class should not cover claims before September 10, 2010. (*Id*. at 4.)

The Court has reviewed the *Sump* settlement and concludes that Plaintiff has the better argument regarding the *Sump* settlement's effect on the scope of the ABC class. The *Sump* settlement is clear that class members were releasing claims based on conduct that occurred "on or before June 4, 2010." (Dkt. No. 119 at 6.) Regardless of when that settlement became effective, the scope of the released claims in the *Sump* settlement never changed. To avoid

overlapping claims in this class action, the Court is concerned with *which* claims were released in the *Sump* settlement, not *when* those claims were released. There is nothing in the *Sump* settlement that suggests the plaintiffs were releasing claims based on conduct occurring after June 4, 2010. Therefore, the Court finds that the effect of the *Sump* settlement on the ABC class is to bar class claims that accrued prior to June 4, 2010. In accordance with the Court's prior class certification order (Dkt. No. 116), the Court defines the ABC class as follows:

> All persons who have worked at Defendants' Washington call centers under an "Activity Based Compensation" or "ABC" plan that paid "per minute" rates for certain work activities between June 5, 2010, and the date of final disposition of this action.

In addition, the following exclusion will apply to the ABC class: "Any employees who were hired after September 27, 2012 and who signed arbitration agreements as part of Defendants' revised 2012 Dispute Resolution Program." This class exclusion is appropriate for several reasons. First, in arguing for certification of the ABC class, Plaintiff explicitly stated that "agents who started after September 27, 2012 and signed an individual arbitration agreement *are excluded* from the class." (Dkt. No. 76 at 14) (emphasis added). Second, in certifying the ABC class the Court acknowledged that "at least some of the agents who started after September 27, 2012, and signed arbitration agreements will be prevented from participating in this class action." (Dkt. No. 116 at 9.) Third, the Court included this type of exclusion in a closely related class action brought against Defendants, in which the plaintiffs alleged almost identical wage-and-hour claims. *See Douglas v. Xerox Business Services, LLC*, Case No. C12-1798-JCC, Dkt. No. 187 at 10 (W.D. Wash. 2014). Therefore, this class action will proceed based on the above class definition and exclusion.

**B.  Interrogatories**

Before the Court stayed this action, Plaintiff served Defendants with 19 interrogatories. (*See* Dkt. No. 149 at 2–23.) In their responses—submitted in April 2013—Defendants objected because two of the interrogatories contained several "subparts" that Defendants would treat as

ORDER
C12-0717-JCC
PAGE - 4

separate interrogatories under Federal Rule of Civil Procedure 33(a)(1). (*Id*. at 8.) After the Court lifted its stay, Plaintiff served an additional three interrogatories on Defendants. (*Id*. at 25–31.) Defendants' responses to those interrogatories are due on August 16, 2019. (*See id.*); Fed. R. Civ. P. 33(b)(2).

In her motion, Plaintiff avers that "Defendants are expected to object that Plaintiff has exceeded the limit in Civil Rule 33," because of their prior objection to Plaintiff's initial interrogatories. (Dkt. No. 144 at 1.) Plaintiff asks the Court to "order that her interrogatories do not contain discreet subparts or, alternatively, an order requiring Defendants to answer additional interrogatories pursuant to Rule 33(a)(1)." (*Id.*)[2]

Plaintiff is asking the Court to resolve an unripe dispute. Federal Rule of Civil Procedure 33(b)(2) expressly gives a party 30 days to answer and object to interrogatories. Plaintiff speculates that Defendants will object to her latest interrogatories as exceeding the limit imposed by Rule 33(a)(1). But the Court can only guess as to whether Defendants will object on this ground because their deadline to respond has not passed. Indeed, Plaintiff filed this motion weeks before Defendants had to respond.

Essentially, Plaintiff is preemptively seeking an order compelling Defendants to answer her latest set of interrogatories. Defendants should be afforded an opportunity to respond prior to the Court compelling them to answer. This is the exact type of issue that should have been addressed through a good faith meet-and-confer, prior to the filing a discovery motion—this Court is not in the business of adjudicating hypothetical discovery disputes.

Plaintiff's motion regarding her interrogatories (Dkt. No. 144) is DENIED. Prior to filing any future discovery motions, the parties shall conduct a good faith meet-and-confer session that addresses the specific issues underlying the discovery dispute.

//

---

[2] Defendants filed a surreply (Dkt. No. 155) asking the Court to strike various exhibits submitted by Plaintiffs. Defendants request is DENIED.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Pursuant to the Court's order granting class certification (Dkt. No. 116), the Court certifies the following class:

> All persons who have worked at Defendants' Washington call centers under an "Activity Based Compensation" or "ABC" plan that paid "per minute" rates for certain work activities between June 5, 2010, and the date of final disposition of this action.

The following exclusion applies to the class: "Any employees who were hired after September 27, 2012 and who signed arbitration agreements as part of Defendants' revised 2012 Dispute Resolution Program."

2. Plaintiff's motion to determine the number of interrogatories asked or for leave to serve additional interrogatories (Dkt. No. 144) is DENIED. The parties shall conduct a good faith meet-and-confer prior to filing any future discovery motions.

3. The parties shall appear for a status conference on September 24, 2019 at 9:00 a.m. to establish a new trial date and corresponding case scheduling order.

DATED this 13th day of August 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE