THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY HILL, individually and on behalf of all persons similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>XEROX BUSINESS SERVICES, LLC, a Delaware Limited Liability Company, LIVEBRIDGE, INC., and Oregon Corporation, AFFILIATED COMPUTER SERVICES, INC., a Delaware Corporation, AFFILIATED COMPUTER SERVICES, LLC, a Delaware Limited Liability Company,<br><br>               Defendants. | NO. 2:12-CV-00717-JCC<br><br>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>Noted for consideration: June 3, 2020 |

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - i
2:12-cv-00717-JCC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................. 1

II.    FACTS AND PROCEDURAL HISTORY ............................ 2

   A.  Factual background........................................................ 2

   B.  Procedural history .......................................................... 3

      1.  This Court determined in 2014 that Defendants' per-minute ABC pay is hourly pay, not piece-rate pay........................................................ 4

      2.  The Washington Supreme Court agreed with this Court, and the Ninth Circuit affirmed this Court........................................ 4

      3.  This Court finalized class certification and authorized notice to the class. ............................................................................. 6

III.   ARGUMENT AND AUTHORITY ........................................ 7

   A.  There is no genuine dispute that Defendants failed to pay class members at least the minimum wage for all hours worked. ............ 7

   B.  Damages to the class have been calculated with precision from Defendants' own records, and there is no genuine dispute about the amount of damages due to the class. ............... 8

   C.  The class is entitled to double damages for "willful withholding" under Washington law....................................... 9

IV.   CONCLUSION ................................................................. 10

1

## I   INTRODUCTION

2      For most of the nearly eight years this class action for unpaid wages has been

3  in litigation, the parties have debated a single issue over and over again.  As the Court

4  put it in July 2014, that issue is "whether the … workers are hourly employees (as

5  Plaintiff contends) or pieceworkers (as Defendants contend), and thus whether the

6  right to a minimum wage accrues on an hourly or weekly basis."  Dkt. 116 at 4:13-15.

7  This is the only issue that has been in dispute with respect to the class claims in this

8  case, and it has been fully and finally resolved in the workers' favor.  This Court so

9  held in 2014; the Washington Supreme Court so held in 2018; and the Ninth Circuit so

10  held in affirming this Court in 2019.

11      While Defendants may continue to argue otherwise, the debate in this case is

12  over: Defendants' Washington call center workers—whom Defendants paid for time

13  spent in some work activities but not others—were hourly workers, not pieceworkers,

14  and therefore were entitled to be paid the minimum wage for *all* time worked.

15  Defendants' policy and practice of paying minimum wage on a workweek basis—

16  averaging "productive" pay to cover unpaid "non-productive" time—violated the

17  Washington Minimum Wage Act, chapter 49.46 RCW.  There is no genuine dispute

18  about that, and the workers are entitled to judgment as a matter of law.

19      Furthermore, the workers' damages can be calculated with precision and are

20  not subject to any genuine dispute.  In order to pay the workers on an hourly or per-

21  minute basis for specific tasks and not others, Defendants tracked every minute and

22  every task that every class member performed every day.  Using these data, it is a

23  simple task to calculate for each worker the amount of time he or she worked each

24  week without pay.  Plaintiff's expert has calculated class damages at $6,094,363.67.

25      Finally, the Court can and should award exemplary damages to the class.

26  These damages are presumed under Washington law unless the employer can show,

27  in part, that its defense to paying the wages due was "fairly debatable" under existing

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 1
2:12-cv-00717-JCC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

law.  At least by the time the Washington Supreme Court held the workers were not pieceworkers in 2018, Defendants had no fairly debatable defense, and Plaintiff and the class are entitled to double damages as a matter of law under RCW 49.52.070.

## II   FACTS AND PROCEDURAL HISTORY

### A.  Factual background

The facts underlying this case are set forth in detail in prior briefs and orders, including the Court's order on class certification and partial summary judgment, entered in July 2014, docket number 116.   The pertinent facts will be briefly summarized here again.

Defendants offer outsourced call center services for client companies around the world.   *See* Dkt. 40-1 at 2. Plaintiff Tiffany Hill worked for Defendants from September 2011 until April 2012 as a customer service representative, answering phone calls for Defendants' client, Verizon Wireless, in a call center in Federal Way. Dkt. 96 ¶ 2, Dkt. 27 ¶ 13.   Class members include call center workers that were employed by Defendants in several locations in Washington.  *See* Dkt. 56 at 3.  For the period at issue in this case, Defendants paid Plaintiff and the members of the class according to Defendants' proprietary "Activity Based Compensation" plans.  *See* Dkt. 27 at 4.  Under these "ABC" plans, Defendants tracked all of the workers' activities during the workday and paid them different rates for different activities.  See Dkt. 95-1 at 7-11; Dkt. 95-1 Ex. 1 (filed under seal).

As the Court observed in its July 2014 order, Defendants' ABC plans provided three basic forms of compensation to Washington call center workers:  ABC Pay, Additional Pay, and Subsidy Pay.  Dkt. 116 at 2.  ABC Pay was generated on a per-minute basis while the workers were actually receiving inbound calls from the customers.  *Id.*  Additional Pay was generated on an hourly basis when the workers were in certain defined activities such as trainings and meetings.  *Id.*  And Subsidy Pay

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 2
2:12-cv-00717-JCC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

was added to a worker's weekly pay if the other two forms of pay, when combined for the week and divided by the total hours worked, was less than minimum wage. *Id.*

There were certain "non-productive" activities the workers had to perform for which they received no additional pay, including waiting for calls to come in, cleaning their workspaces, reading announcements from the employer, and performing after-call paperwork. *Id.*; *see also* Dkt. 47 at 34, 107-11. Defendants considered the workers' time spent in these activities to be compensated from the pay they earned performing "productive" or "defined" activities. *See* Dkt. 95-2 Ex. 21 at 262-63 (filed under seal). In other words, Defendants took the per-minute ABC Pay and hourly Additional Pay earned during certain work activities and averaged that compensation over the entire work week, including the time spent in unpaid, non-productive activities. Dkt. 116 at 2.

The time workers spent performing work activities without pay is easy to determine because Defendants tracked every minute that every employee spent engaged in work activities from the time they clocked in until the time they clocked out each day. See Dkt. 40-1 at 22-24; Dkt. 95-1 Ex. 6 (filed under seal).

**B. Procedural history**

Plaintiff Tiffany Hill filed this suit in April 2012. She claimed, in part, that Defendants' per-minute ABC plans violated the Washington Minimum Wage Act (MWA) by failing to pay her and other call center workers for all hours worked. She moved for class certification in October 2013. Dkt. 39. In December 2013, Defendants moved for partial summary judgment, contending that their ABC plans were consistent with the MWA as a matter of law. Dkt. 59. In those motions, both sides agreed Plaintiff's ABC claim could be decided as a matter of law. *See* Dkt. 59 at 3:8-10 (Defendants agreeing with Plaintiff the legality of ABC could be "resolved on summary judgment"); Dkt. 94 at 1:23-25 (Plaintiff asking Court to resolve Defendant's motion in her favor).

As noted above, this Court identified the issue as a simple dichotomy: the workers were either "hourly employees (as Plaintiff contends) or pieceworkers (as Defendants contend)." Dkt. 116 at 4:14.

### 1. This Court determined in 2014 that Defendants' per-minute ABC pay is hourly pay, not piece-rate pay.

The Court ruled in favor of Plaintiff on that issue.  It concluded the workers were "hourly workers, because 'production minutes' are simply calculations of units of time." Dkt. 116 at 4-5.  "[P]iecework employees," the Court said, "are 'paid a fixed amount per unit of work,' but agents being paid for 'production minutes' are being paid based on precise units of time."  *Id.* at 5:1-4 (citing and quoting Wash. Dept. Labor & Indus. (DLI) Admin Policy ES.A.8.2 at 2).

Defendants moved for reconsideration of the Court's decision, arguing in part that the Court incorrectly used a "false dichotomy" in asking whether ABC was an hourly or piecework compensation plan.  Dkt. 117 at 3:10.  The Court rejected this argument again, "largely because of the conclusion that a system based on precise calculations of time should be viewed as an hourly system, even if an employer labels each minute as a piece of work."  Dkt. 126 at 3:4-6.

At Defendants' request, the Court certified its decision for immediate appeal on the hourly/piecework question.  *Id.* at 3.

### 2. The Washington Supreme Court agreed with this Court, and the Ninth Circuit affirmed this Court.

On appeal to the Ninth Circuit, Defendants amplified their "false dichotomy" argument, once again asserting that this Court had limited its inquiry, with "no explanation," to piecework or hourly pay.  Johnson Dec. Ex. 1 at 3.  At the same time, Defendants implicitly backed away from the notion that Plaintiff was a "piecework employee."  *Id.*  Defendants argued that many other types of pay qualified for a "workweek measure" for minimum wage compliance, and only hourly pay required a "per-hour measure."  *Id.* at 2-3.  But Defendants failed to identify any other pay

category into which their ABC plans could fit.  Ultimately, Defendants continued to rely

on the *piecework* characterization:

> [Defendants] believe[] that the ABC plans are mixed piecework systems, but the key legal issue is not whether the ABC plans are piecework systems but whether they are any type of non-hourly system, which would of course include a piecework system.

*Id.* at 3 n. 3.

The Ninth Circuit certified the piecework/hourly question to the Washington

Supreme Court.   In its certification order, the Court of Appeals made clear that it

agreed with this Court in regard to Defendants' so-called "false dichotomy" argument:

> On appeal, Xerox contends that the district court erred in creating a false dichotomy by only considering two different pay systems of many available. ***In our view, however, Xerox cannot seriously contend that its compensation plan was anything other than one of these two systems***.

Dkt. 135 at 4 n. 1 (emphasis added).   Accordingly, the question the Ninth Circuit

certified to the Washington Supreme Court asked only

> whether an employer's compensation plan, which includes as a metric an employee's "production minutes," qualifies as a piecework plan under Wash. Admin. Code § 296-126-021?

*Id.* at 11.  The Court of Appeals said if the answer was yes, it would vacate this Court's

order denying partial summary judgment to Xerox; and if the answer was no, it would

affirm.  *Id.* at 10-11.

On September 20, 2018, the Washington Supreme Court answered the certified

question "no."   *Hill v. Xerox Bus. Svcs., LLC*, 191 Wn.2d 751, 753, 426 P.3d 703

(2018).   It held that Defendants' ABC plans did not, simply by using "production

minutes" to calculate the workers' pay, turn time-based compensation into "piecework"

to which workweek averaging could be applied.

> We agree with Hill. The MWA does not permit employers to use clock time as a 'unit of work' for piece rate pay. A contrary rule would allow WAC 296-126-021's limited exception for workweek

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 5
2:12-cv-00717-JCC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

averaging to swallow up the general rule barring workweek averaging for hourly employees.

*Id.* at 709.

Like this Court and the Ninth Circuit, the Washington Supreme Court declined Xerox's request to consider its ABC plans as "some other alternative pay structure" to which workweek averaging might apply. *Id.* at 707-08 n.7 (acknowledging "the Ninth Circuit rejected Xerox's claim . . . that the ABC plan could be classified as anything other than piece rate or hourly pay"). "The certified question before us," the Supreme Court wrote, "is whether Xerox's ABC plan qualifies as piece rate compensation subject to workweek averaging  . . . . We hold that it does not." *Id.* at 709.

Although this ruling from Washington's highest court would seem to have finally resolved the question, Defendants persisted.  On remand, they asked the Ninth Circuit to permit further briefing on the so-called "false dichotomy" that ABC must either qualify as piecework or be deemed an hourly pay scheme for which workweek averaging is not permitted.  *See* Johnson Dec. Ex. 2 at 4.  The Ninth Circuit accepted additional briefs and then issued a decision affirming this Court's original order.  Dkts. 136, 139.  The mandate issued July 3, 2019.

### 3.  This Court finalized class certification and authorized notice to the class.

When they returned to this Court, the parties filed additional briefs on the definition of the certified class, and the Court ordered the class defined as follows:

> All persons who have worked at Defendants' Washington call centers under an "Activity Based Compensation" or "ABC" plan that paid "per minute" rates for certain work activities between June 5, 2010, and the date of final disposition of this action.

Dkt. 157 at 4.  The Court further excluded from the class "[a]ny employees who were hired after September 27, 2012 and who signed arbitration agreements as part of Defendants' revised 2012 Dispute Resolution Program."  *Id.*  The parties then proposed a class notice plan, which the Court approved in December 2019.  Dkt. 164.

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 6
2:12-cv-00717-JCC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Notice has been mailed to the class members, and the deadline to opt out has passed. *See* Dkt. 167. Out of the more than 5,700 workers who fall within the class definition, only one requested exclusion. *Id.* ¶ 12.

### III   ARGUMENT AND AUTHORITY

As the foregoing facts and procedural history show, the issue at the heart of this case—which both parties have agreed is the dispositive legal issue—has been decided in favor of Plaintiff.   Accordingly, Plaintiff and the class are entitled to judgment as a matter of law.

**A.    There is no genuine dispute that Defendants failed to pay class members at least the minimum wage for all hours worked.**

The applicable legal framework is not in dispute: Washington employers must pay employees at least the state minimum wage for all hours worked.   *See* RCW 49.46.020; *Alvarez v. IBP, Inc.*, 339 F.3d 894, 912 (9th Cir. 2003).   The phrase "hours worked" is broadly defined to mean "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place."   *Stephens v. Brink's Home Sec. Inc.*, 162 Wn.2d 42, 47, 169 P.3d 473 (2007) (quoting WAC 296-126-002(8)).   "[H]ours worked" includes "all time worked regardless of whether it is a full hour or less." DLI Admin. Policy ES.C.2 at 1 (Sept. 2, 2008).

This means that under Washington law (unlike federal law), employers cannot average an hourly worker's pay over an entire workweek to determine minimum wage compliance.[1]   "Washington's MWA does not permit such averaging for hourly workers." *Hill*, 191 Wn.2d at 756.   Such workers are entitled to receive at least the minimum wage "for each hour worked."   *Id.* (citing WAC 296-126-021; DLI Admin. Policy ES.C.3 (Jan. 2, 2002); DLI Admin Policy ES.A.3 (July 15, 2014)).   Because Plaintiff and the

---

[1] *Compare Douglas v. Xerox Bus. Services*, LLC, 875 F.3d 884 (9th Cir. 2017) (adopting workweek measure for minimum wage compliance under the Fair Labor Standards Act).

class members were hourly workers, not "pieceworkers" as Xerox contended, they were entitled to be paid the minimum wage for all time worked.

There is no dispute that Defendants applied workweek averaging to Plaintiff and class members.  In doing so, Defendants admittedly paid the workers for only some of the time they worked, not all of the time they worked.  Dkt. 95-2 Ex. 21 at 267-70 (filed under seal).  This compensation practice violated the MWA, and Plaintiff and the class are entitled to judgment as a matter of law.

**B.** **Damages to the class have been calculated with precision from Defendants' own records, and there is no genuine dispute about the amount of damages due to the class.**

Defendants' ABC plans, which paid class members by the "production minute," required that Defendants precisely track every minute of every worker's workday. They did this through their "Front End Payroll System," or "FEPS."  *See* Dkt. 95-1 Ex. 6 (filed under seal). Defendants produced time and pay data from FEPS reflecting the hours worked by all class members during the class period, broken down by task and pay categories. *See* Johnson Dec. Ex. 3, Second Am. Munson Report ¶ 13. Plaintiff's expert, Jeffery Munson, Ph.D, utilized these data for calculating damages to the class members.  *See id.*

Dr. Munson's calculations essentially take the total hours worked by each class member, subtract the time during which he or she was paid by the "production minute" or by the hour, and calculate the value of the time worked that was not paid, at the appropriate regular or overtime hourly rate.  *See id.* ¶¶ 37-53.  Dr. Munson deducted any amounts paid to the worker in subsidy pay.  *Id.* ¶ 50.  After producing his original calculations to Defendants, Dr. Munson reviewed the report by Defendants' expert and made adjustments to account for any errors or oversights in his original calculations. *See id.* at 4.  His resulting calculations show the exact amount by which Defendants

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

underpaid each class member by failing to pay for all the hours they worked.[2]  The

aggregate sum of those damages is $6,094,363.67.  Munson Sec. Am. Rep. ¶ 55.[3]

There is no genuine dispute about the amount of damages due to the workers,

and Plaintiff and the class are entitled to judgment as a matter of law.

**C.    The class is entitled to double damages for "willful withholding" under Washington law.**

Under Washington law, an employer who "willfully" pays its employees "a lower

wage than the wage such employer is obligated to pay" must pay "twice the amount of

the wages … unlawfully withheld by way of exemplary damages."  *Hill v. Garda CL

NW, Inc.*, 191 Wn.2d 553, 561, 424 P.3d 207 (2018) (quoting RCW 49.52.070).  The

standard for proving willfulness is low.  *Id.*  It is established if the underpayment was

not "a result of carelessness or error."  *Id.* (alterations and citations omitted).  There is

no evidence or allegation that Defendants' failure to pay the workers for all hours

worked was the result of carelessness or error.

An employer may defeat a finding of willfulness by establishing a "bona fide

dispute" over its obligation to pay the wages at issue.  *Id.*  It is the employer's burden

to prove a bona fide dispute.  *Id.* at 562. There are two parts to this burden, one

objective and one subjective.  *Id.*  The subjective component requires the employer to

show it had a "genuine belief" in its position that the wages were not owed.  *Id.*  The

objective component requires that its position be objectively reasonable—that is, "fairly

_____

[2] Notably, precise calculations are not required in order to award damages for unpaid wages.  *See Alvarez*, 339 F.3d at 914 (courts may "award damages to [an] employee, even though the [award] be only approximate.") (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946); *accord*, *Pellino v. Brink's, Inc.*, 164 Wn. App. 668, 698, 267 P.3d 383 (2011).

[3] Dr. Munson has calculated interest on these damages at the rate of 12% per annum through the date of trial, as provided under Washington law.  *See Stephens v. Brink's Home Sec. Inc.*, 162 Wn.2d 42, 51-52, 169 P.3d 473 (2007) (prejudgment interest at 12% is due on unpaid wages under MWA).  The daily rate is $2,003.63.  Munson Sec. Am. Rep. ¶ 58.  Plaintiff will provide the Court the proper calculation when judgment is presented for entry.

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 9
2:12-cv-00717-JCC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1   debatable." *Id.*  While the subjective component is a question of fact, the objective

2   component "is a legal question about the reasonableness or frivolousness of an

3   argument." *Id.*

4        As discussed above and shown in the long history of this litigation, the only

5   "fairly debatable" question in this case was whether Defendants' use of "production

6   minutes" in ABC plans rendered call center workers "pieceworkers" and therefore

7   subjected them to workweek averaging for purposes of minimum wage compliance.

8   That question was no longer fairly debatable once Washington's highest court rejected

9   it in September of 2018.  *See Hill*, 191 Wn.2d 751. Defendants then had the duty to

10  pay or face liability for twice the amount owed.

11            At the point in the litigation when an employer's position no longer
            is fairly debatable, double damages are owed for the employer's
12          continued refusal to pay.

13  *Cronin v. Central Valley School Dist.*, ___ Wn. App. ___, 456 P.3d 843, 856 (2020).

14       The Washington Supreme Court has the last word on the meaning and

15  application of state law, and it answered the question at the heart of Defendants'

16  defense unequivocally: "no."  *Hill*, 191 Wn.2d at 753.  From that point on, Defendants

17  lacked a "fairly debatable" basis on which to continue to withhold the wages due to the

18  workers.  Defendants are therefore liable for exemplary damages in an amount equal

19  to the underlying wages owed, $6,094,363.67.  RCW 49.52.070.

20                          **IV    CONCLUSION**

21       There is no genuine dispute about the material facts, and Plaintiff and the class

22  are entitled to judgment as a matter of law in the amount of $12,188,727.34.[4]

23  ///

24  ///

25  ///

26  _____

27  [4] If the Court grants this motion, Plaintiff will timely seek additional awards for
    prejudgment interest, attorneys' fees, and costs.

1

DATED this 12th day of March, 2020.

2

BRESKIN JOHNSON & TOWNSEND PLLC

3

By: s/Daniel F. Johnson

4
Daniel F. Johnson, WSBA No. 27848
1000 Second Avenue, Suite 3670

5
Seattle, WA  98104
Phone:  206-652-8660

6
djohnson@bjtlegal.com

7

TERRELL MARSHALL LAW GROUP PLLC

8

Toby J. Marshall, WSBA #32726

9
936 N 34th Street, Suite 300
Seattle, WA 98103

10
Tel: (206) 816-6603
tmarshall@terrellmarshall.com

11

*Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 11
2:12-cv-00717-JCC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660