THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY HILL, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>XEROX BUSINESS SERVICES, LLC, *et al.*,<br><br>Defendants. | CASE NO. C12-0717-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for partial reconsideration (Dkt. No. 222). Having thoroughly considered the briefing and relevant record, the Court finds oral argument unnecessary and hereby DENIES both motion for the reasons explained herein.[1]

I.      BACKGROUND

Plaintiff asks the Court to reconsider its February 13, 2024, ruling granting in part and denying in part the parties' cross-motions for summary judgment. (*See* Dkt. No. 221.) Plaintiff argues the Court committed manifest error by holding (1) that excess subsidy pay and non-subsidy pay may be credited toward the minimum wages owed for time spent performing non-productive tasks, (2) that Plaintiff's expert therefore failed to apply the proper methodology for

---

[1] The Court further DENIES Defendants' motion to strike (Dkt. No. 233) portions of Plaintiff's reply brief as moot, as the Court did not rely upon the materials to be stricken.

1   measuring compliance with the Washington Minimum Wage Act ("MWA"), and (3) that res

2   judicata bars the claims of class members who opted into *Douglas v. Xerox Bus. Servs.*, Case No.

3   C12-1798-JCC (W.D. Wash. 2012), the parallel Federal Labor Standards Act ("FLSA") case.

4   (*See* Dkt. No. 222 at 5.) Defendant opposes. (*See* Dkt. No. 229.)

5   **II.     DISCUSSION**

6        **A.     Legal Standard**

7        A motion for reconsideration is generally disfavored. LCR 7(h)(1). It is only appropriate

8   where there is "manifest error in the prior ruling or a showing of new facts or legal authority

9   which could not have been brought to [the Court's] attention earlier with reasonable diligence."

10  *Id.* As this Court has frequently indicated, reconsideration should not be used to ask it to "rethink

11  what it had already thought through—rightly or wrongly." *Wilcox v. Hamilton Constr., LLC*, 426

12  F. Supp. 3d 788, 791 (W.D. Wash. 2019) (cleaned up); *see, e.g.*, *Brown v. Murphy*, 2023 WL

13  6481566, slip op. at 1 (W.D. Wash. 2023); *Hoffman v. Transworld Sys. Inc.*, 2019 WL 109437,

14  slip op. at 1 (W.D. Wash. 2019).

15       **B.     Excess Subsidy Pay and Non-Subsidy Pay**

16       Plaintiff first argues the Court committed manifest error in holding that excess subsidy

17  pay and non-subsidy pay may be included in calculating Defendants' MWA compliance and

18  damages. (Dkt. No. 222 at 6–12.)

19       In largely a regurgitation of Plaintiff's argument on summary judgment, (*see* Dkt. No.

20  191 at 31), Plaintiff again contends that the minimum wage to which hourly employees are

21  entitled cannot be subsidized by compensation received for other reasons. (Dkt. No. 222 at 6.)

22  The Court rejects this argument for the same reasons described in its order. (*See* Dkt. No. 221 at

23  9.) Moreover, the Court is unpersuaded by Plaintiff's reliance on *Seattle Prof'l Eng'g Employees*

24  *Ass'n v. Boeing Co.*, 991 P.2d 1126 (Wash. 2000) ("*SPEEA*"). In fact, in interpreting RCW

25  49.46.090(1), the *SPEEA* Court stated that "in circumstances where an employer paid no

26  compensation whatsoever to an employee, the employee . . . could recover wages representing

the difference between the statutory minimum and what was actually paid." *Id.* at 1130. This suggests that employers may deduct amounts paid from the overall MWA damages, even if such amounts were not explicitly intended for the underpaid time at issue.

Plaintiff's concerns regarding workweek averaging are similarly unfounded. Indeed, the Court adopted Plaintiff's proposed method of calculating MWA compliance through aggregating the total minutes per day or week worked (as opposed to examining individual 60-minute blocks). (*See* Dkt. No. 221 at 6–8.) But once underpayments are determined, Defendants are permitted to subtract excess subsidy pay and non-subsidy pay from those payments so as to avoid windfall.[2] However, the Court clarifies its earlier ruling, in that this does not entitle Defendants to "subtract *all* amounts paid from the total wages otherwise owed—regardless of the type of pay and its timing." (Dkt. No. 221 at 9.)[3] Instead, as Defendants note, wages comprising the "amount actually paid" will have to be linked to relevant time frames by expert testimony.

Fundamentally, Plaintiff largely attempts to distinguish the authorities relied upon by this Court,[4] but offers no case law mandating the result she seeks. And given the plain and broad statutory language, the Court is compelled to conclude that excess subsidy pay and non-subsidy pay may be subtracted from the damages owed by Defendants. *See* RCW 49.46.090(1) (employers may subtract "*any amount actually paid*" from overall damages) (emphasis added).

Plaintiff therefore fails to demonstrate manifest error in the Court's ruling on this issue, as required by LCR 7(h)(1).

---

[2] Plaintiff apparently adopted this position in 2013 when seeking class certification, at least with respect to subsidy pay. (*See* Dkt. No. 76 at 7, 10) ("Plaintiff acknowledges that any 'subsidy pay' received by the class members would be an offset to their damages for unpaid hours worked").

[3] Plaintiff repeatedly fixates on this language in the Court's order. But this language merely described what the Court believed to be *Defendants'* position—not the Court's ultimate ruling (which is much more limited).

[4] Notably, the Court itself acknowledged the distinction between this case and *Innis v. Tandy Corp.*, 7 P.3d 807, 815 (Wash. 2000). (*See* Dkt. No. 221 at 9.) Nonetheless, it found *Innis* persuasive given its interpretation of the narrower term, "regular rate." (*See id.*)

1

**C.      Res Judicata**

2          Plaintiff next challenges the Court's dismissal of 967 class members who opted-in to

3    *Douglas*, after finding their claims barred by res judicata. (Dkt. No. 222 at 12–15.) In its ruling,

4    the Court rejected Plaintiff's argument that Defendants waived their res judicata defense. (*See*

5    Dkt. No. 221 at 3–5.) Plaintiff now contends this holding was manifestly erroneous because "the

6    Ninth Circuit recognizes a second ground for waiver—acquiescence—that applies here." (Dkt.

7    No. 222 at 12.) But in granting summary judgment to Defendants on this issue, the Court

8    explicitly recognized Plaintiff's waiver-by-acquiscence argument. (*See* Dkt. No. 221 at 3–4)

9    (noting Plaintiff's argument that "Defendants waived [the res judicata] defense by

10   acquiescence"). It then went on to cite Plaintiff's authority on acquiescence, *Clements v. Airport*

11   *Auth. of Washoe Cnty.*, 69 F.3d 321, 328–29 (9th Cir. 1995), before concluding that Defendants

12   did not acquiesce to dual proceedings. (*See* Dkt. No. 221 at 5) (noting that "Defendants objected

13   to any *Hill* class member joining the *Douglas* action, arguing '[i]t [was] improper for those

14   agents to be seeking duplicative relief in two proceedings arising from the same facts'") (citing

15   *Douglas*, Case No. C12-1798-JCC, Dkt. No. 111 at 25). Plaintiff therefore fails to demonstrate

16   manifest error or point to new facts or legal authority, as required for reconsideration under LCR

17   7(h)(1). Instead, she simply reiterates arguments that were considered and rejected by the Court.

18   **III.    CONCLUSION**

19          For the foregoing reasons, Plaintiff's motion for partial reconsideration (Dkt. No. 222) is

20   DENIED.

21          DATED this 11th day of June 2024.

22

23

24   _____
     John C. Coughenour
25   UNITED STATES DISTRICT JUDGE

26