THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY HILL, individually and on behalf of all persons similarly situated,<br><br>            Plaintiff,<br>    v.<br><br>XEROX BUSINESS SERVICES, LLC, *et al.*,<br><br>            Defendants. | CASE NO. C12-0717-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

Federal Rule of Civil Procedure 56(f) confers authority upon a district court to issue summary judgment on grounds independent of any motion. *See* Fed. R. Civ. P 56(f). Indeed, a court may "grant summary judgment for a nonmovant" or "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute" so long as it gives notice to the parties and provides them with a reasonable time to respond. Fed. R. Civ. P. 56(f)(1), (3). Accordingly, the Court hereby notifies the parties it is considering Rule 56(f) judgment on the issue of Minimum Wage Act ("MWA") compliance in Plaintiff's favor.

Such consideration is warranted here because Plaintiff has not moved for summary judgment on the issue of compliance. (*See generally* Dkt. No. 241.) And, as Defendants correctly

MINUTE ORDER
C12-0717-JCC
PAGE - 1

note, the Court has not yet decided the issue of compliance. (*See* Dkt. Nos. 248 at 11–14, 254 at 6–7.) Nevertheless, that issue is now ripe for review and, in fact, critical to the disposition of damages—another issue for which both parties *have* moved. (*See generally* Dkt. Nos. 241, 248.)

Indeed, both parties *and* the Court all concede that the expert reports provide comprehensive factual findings on the issue of compliance. (*See* Dkt. Nos. 221 at 10, 241 at 6, 254 at 7.) And both parties have now submitted their respective expert reports to the Court. (*See* Dkt. Nos. 243-2, 246.) Critically, both reports acknowledge that Defendants owe some amount of damages. (*See generally* Dkt. No. 243-2; *see also* Dkt. No. 246 at 14) (Dr. Boedeker's report admits that Defendants owe, at a very minimum, $188,912.50). Thus, if experts for all parties concede the class is entitled to at least some damages, there is no genuine dispute of material fact as to Defendants' compliance with the MWA—after all, the damages represent Defendants' underpayments of the minimum wage. As such, in theory, the Court has all the evidence it needs to issue judgment in favor of Plaintiff on the issue of compliance, regardless of whether or not Plaintiff has so moved. *See* Fed. R. Civ. P. 56(f)(1), *see also Albino v. Baca*, 747 F.3d 1162, 1177 (9th Cir. 2014) (finding that summary judgment in favor of non-movant was warranted where movants had full opportunity and incentive to gather evidence on the issue for which they sought summary judgment).[1]

Should the parties so choose, they may each submit a brief not to exceed 1,500 words responding to this notice. The parties must submit said briefs on or before Friday, February 28, 2025. To that end, the Court RENOTES the cross-motions for summary judgment and *Daubert* motions (Dkt. Nos. 240, 241, 244) to February 28, 2025.

//

---

[1] That said, in issuing this notice, the Court must clarify that it has not yet decided the admissibility of each party's respective expert report. Whether the Court grants or denies the parties' *Daubert* motions may, of course, change the calculus here. Nevertheless, the Court finds it appropriate to notify the parties of its potential consideration as soon as practicable and offer them an opportunity to respond.

MINUTE ORDER
C12-0717-JCC
PAGE - 2

DATED this 20th day of February 2025.

<u>Ravi Subramanian</u>
Clerk of Court

<u>s/Kathleen Albert</u>
Deputy Clerk