THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TIFFANY HILL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

XEROX BUSINESS SERVICES, LLC, a Delaware Limited Liability Company, LIVEBRIDGE, INC., an Oregon Corporation, AFFILIATED COMPUTER SERVICES, INC., a Delaware Corporation, AFFILIATED COMPUTER SERVICES, LLC, a Delaware Limited Liability Company,

Defendants.

NO. 2:12-cv-00717-JCC

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**NOTED FOR CONSIDERATION: JULY 18, 2025**

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 2:12-cv-00717-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ............................................................................................... 1

II.     BACKGROUND ................................................................................................ 1

    A.      Ms. Hill sued Defendants for violations of the MWA in April 2012................... 1

    B.      This Court denied Defendants' summary judgment motion and
        certified a class ................................................................................... 2

    C.      The Washington Supreme Court agreed that Defendants' ABC Plan did
        not qualify as a piecework plan ............................................................. 3

    D.      The Court defined the scope of the class and denied Defendants' motion
        to compel certain class members to arbitrate. The Ninth Circuit affirmed....... 3

    E.      The Court addressed motions for summary judgment on liability
        and damages ...................................................................................... 3

    F.      The parties negotiated this settlement months before the trial date .............. 4

III.    THE SETTLEMENT TERMS ................................................................................ 4

    A.      The Settlement Classes........................................................................ 4

    B.      The Settlement Amount ....................................................................... 5

        1.      Settlement payments .................................................................. 5

        2.      Settlement administration costs..................................................... 6

        3.      Attorneys' fees and costs............................................................. 6

        4.      Class Representative Awards ........................................................ 6

    C.      Release ............................................................................................ 6

    D.      Exclusions and Objections ................................................................... 7

IV.     ARGUMENT .................................................................................................. 7

    A.      The settlement should be preliminarily approved....................................... 7

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - i
Case No. 2:12-cv-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1.    Plaintiffs and their counsel have adequately represented
      the Settlement Classes ........................................................................................ 8

2.    The settlement is the result of arm's-length, non-collusive
      negotiations ........................................................................................................ 8

3.    The relief provided by the settlement is more than adequate
      considering the strengths and weaknesses of the claims and the
      risks of continued litigation ................................................................. 9

4.    The settlement will be fairly distributed to the Settlement Classes.... 10

5.    Class Counsel will request approval of a fair and reasonable fee ....... 11

6.    The reaction of class members to the proposed settlement .............. 12

B.    The notice plan complies with Rule 23(e) and due process ............................ 12

C.    The schedule for final approval ........................................................................ 13

V.    CONCLUSION ................................................................................................................ 14

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*A.M. v. Moda Health Plan, Inc.*,
    C 14-1191 TSZ, 2015 WL 9839771 (W.D. Wash. Nov. 3, 2015) .................................. 12

*Amchem Prods. v. Windsor*,
    521 U.S. 591 (1997) ........................................................................ 12

*Amedee v. Xerox Business Services, LLC*,
    No. 2:15-cv-8800-BJR (W.D. Wash.) ............................................................ 3

*Douglas v. Xerox Business Services, LLC*,
    No. C12-cv-1798-JCC (W.D. Wash.) .............................................................. 3

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ..................................................................... 7

*Ikuseghan v. Multicare Health Sys.*,
    2016 WL 3976569 (W.D. Wash. July 25, 2016) ............................................... 8

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) .............................................................. 8, 11

*In re Hyundai and Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir. 2019) ............................................................. 9, 13

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) .................................................................. 12

*Kater v. Churchill Downs Inc.*,
    2021 WL 511203 (W.D. Wash. Feb. 11, 2021) ............................................. 11

*Lennartson v. Papa Murphy's Int'l LLC*,
    No. C15-5307-RBL, 2018 WL 4252039 (W.D. Wash. Sept. 6, 2018) ........................... 11

*Randall v. Integrated Commc'ns Serv., Inc.*,
    No. 3:20-cv-05438-DGE, 2023 WL 5743133 (W.D. Wash. Sept. 6, 2023)...................... 8

*Rodriguez v. West Publishing Corp.*,
    563 F.3d 948 (9th Cir. 2009) .................................................................. 10

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Six Mexican Workers v. Arizona Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) ........................................................................ 11

*Tuttle v. Audiophile Music Direct, Inc.*,
    No. C22-1081-JLR, 2023 WL 8891575 (W.D. Wash. Dec. 26, 2023) ........................... 12

*Yanez v. HL Welding, Inc.*,
    No. 20-cv-1789-MDD, 2022 WL 788703 (S.D. Cal. Mar. 15, 2022)............................. 11

**STATE CASES**

*Bowles v. Wash. Dep't of Ret. Sys.*,
    121 Wn.2d 52 (1993)..................................................................................... 11

*Hill v. Xerox Business Services, LLC*,
    191 Wn.2d 751 (2018)..................................................................................... 3

**FEDERAL RULES**

Fed. R. Civ. P. 23(a)............................................................................................. 8

Fed. R. Civ. P. 23(b)(3).......................................................................................... 8

Fed. R. Civ. P. 23(c)(2)(B) ...................................................................................... 12

Fed. R. Civ. P. 23(c)(3) .......................................................................................... 13

Fed. R. Civ. P. 23(e)(1) .......................................................................................... 12

Fed. R. Civ. P. 23(e)(2) .......................................................................................... 7

Fed. R. Civ. P. 23(h) ............................................................................................. 12

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I.    INTRODUCTION

It is rare for wage and hour litigation to persist for more than thirteen years, but Plaintiff Tiffany Hill has been pursuing her claims under the Washington Minimum Wage Act against Defendants since April 2012. During that time, this case has been to the Ninth Circuit twice, a central substantive dispute was addressed by certified question to the Washington Supreme Court over six years ago, and this Court has ruled on multiple summary judgment and other motions, ultimately finding the evidence established Defendants' liability, at least to some extent for some class members.

With trial on damages fast approaching, the parties negotiated an outstanding resolution for 5,736 members of two Settlement Classes: a primary class of 4,771 individuals and a second class of 965 individuals whose claims were dismissed by the Court's February 2024 summary judgment ruling. Defendants have agreed to establish a $9,100,000 non-reversionary settlement fund, an amount equal to 202% of the estimated damages for both groups and 80% of their estimated damages plus statutory interest at a rate of 12% on those damages. The settlement fund will be used for payments to Members of the Settlement Classes, after deducting Court-awarded attorneys' fees, costs, Class Representative Awards, and settlement administration costs. Members of the Settlement Classes will not have to file claims forms to receive payments.

Ms. Hill is contemporaneously filing a Third Amended Class Action Complaint that adds Michelle Anderson as a named plaintiff to represent the 965 members who previously consented to join *Douglas v. Xerox Business Services*, Case No. C12-1798-JCC (W.D. Wash.). Together, they respectfully request the Court grant this motion for preliminary approval of the settlement.

## II.    BACKGROUND

**A.    Ms. Hill sued Defendants for violations of the MWA in April 2012.**

From 2010 to 2015, Defendants operated call centers throughout Washington that handled customer inquiries for third-party clients like phone companies, airlines, and hotels.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 1
Case No. 2:12-cv-00717-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

They used a unique, proprietary system called Activity Based Compensation (ABC) to calculate their employees' pay, with production minutes being a component of that system, and they tracked every minute and every activity through phones and software. Dkt. 116 at 1.

Ms. Hill worked as one of Defendants' customer service representatives for approximately seven months. She filed this lawsuit in April 2012, alleging that Defendants' compensation plan violated the Washington Minimum Wage Act (MWA). Dkt. 1.

Ms. Anderson worked as one of Defendants' customer service representatives for nearly two years.  She has been following the progress of this lawsuit for several years, and after the Court granted summary judgment against her and others who had joined the *Douglas* federal case, she agreed to represent that group in the event of an appeal or settlement.  Anderson Decl. ¶¶ 2-4.

**B.    This Court denied Defendants' summary judgment motion and certified a class.**

Plaintiff moved for class certification in October 2013. Dkt. 39. Defendants moved for partial summary judgment in December 2013, arguing that their compensation plan complied with the MWA. Dkt. 59. Plaintiff opposed the motion but agreed that the lawfulness of the ABC plan could be decided as a matter of law. Dkt. 94 at 1.

In July 2014, the Court granted Plaintiffs' class certification motion in part, granting certification of the ABC plan claim and denying certification of the off-the-clock claim. Dkt. 116 at 13. The Court denied Defendants' summary judgment motion, finding the central issue was whether class members were hourly employees or pieceworkers and thus whether the right to a minimum wage accrues on an hourly or weekly basis. *Id.* at 4. Siding with Plaintiffs, the Court held that class members were hourly workers "because 'production minutes' are simply calculations of units of time" and the members were "paid based on [those] units of time." *Id*. at 4-5.

The Court denied Defendants' motion for reconsideration. Dkt. 126.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 2
Case No. 2:12-cv-00717-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**C.      The Washington Supreme Court agreed that Defendants' ABC Plan did not qualify as a piecework plan.**

Defendants appealed the Court's summary judgment ruling to the Ninth Circuit, which certified the issue of the appropriate characterization of Defendants' ABC plan to the Washington Supreme Court. The Washington Supreme Court held that Defendants' ABC plan did not qualify as a piecework plan. *Hill v. Xerox Business Services, LLC*, 191 Wn.2d 751 (2018). The Ninth Circuit then affirmed this Court's order determining that class members were hourly workers and denying summary judgment to Defendants. Dkt. 139 at 2; *see also* Dkt. 214 at 18 n.9. The case was stayed during the appellate proceedings. Dkt. 131.

**D.      The Court defined the scope of the class and denied Defendants' motion to compel certain class members to arbitrate. The Ninth Circuit affirmed.**

After further briefing on class certification, the Court issued an order defining the scope of the class. Dkt. 157. The class received notice of the action, and only one person requested exclusion. Dkt. 167. As of February 17, 2020, the class comprised 5,746 members.

The Court denied Defendants' motions to decertify or, alternatively, to compel 2,927 class members who had signed a 2002 Dispute Resolution Program agreement to individually arbitrate their claims, but the Court granted Defendants' unopposed request to remove ten class members who had stipulated to arbitration in a separate case titled *Amedee v. Xerox Business Services, LLC*, No. 2:15-cv-8800-BJR (W.D. Wash.). Dkt. 202. The case was stayed for nearly two years while Defendants appealed the order denying the motion to compel arbitration. The Ninth Circuit affirmed and panel rehearing was denied. Dkt. 214, 216.

**E.      The Court addressed motions for summary judgment on liability and damages.**

In February 2024, the Court ruled on the parties' cross-motions for summary judgment. Dkt. 221. The Court determined that 965 of the more than 5,700 class members should be dismissed on res judicata grounds because they had opted into the federal FLSA case *Douglas v. Xerox Business Services, LLC*, No. C12-cv-1798-JCC (W.D. Wash.), and the claims in that case

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 3
Case No. 2:12-cv-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

were ultimately denied.[1] *Id.* at 3-6. The Court also held that the MWA's provision permitting an offset against minimum wages due for "any amount actually paid" required a recalculation of the unpaid wages due to account for certain "incentive" payments periodically paid to employees outside of the ABC formula. *Id.* at 6-10; *see also* Dkt. 235. The Court further found that any violations by Defendants were not willful and, thus, granted summary judgment dismissing the class claims for exemplary damages. *See* Dkt. 221 at 10-11.

In January 2025, the parties filed a second round of cross-motions for summary judgment and moved to exclude each other's expert's opinions on damages. Dkt. 240, 241, 244. On February 20, the Court issued a minute order stating that it had sufficient evidence to issue judgment in favor of Plaintiff on the issue of compliance and inviting the parties to submit briefs in response. Dkt. 257. Following additional briefing, the Court granted summary judgment for the class on the issue of Defendants' liability, granted Plaintiff's motion to exclude parts of Defendants' expert's opinions, and otherwise denied the motions. Dkt. 261.

**F.    The parties negotiated this settlement months before the trial date.**

Mediation and other settlement discussions earlier in the case were unsuccessful, but after a February 26 mediation with Retired Judge Paris Kallas, and following the Court's order of March 21, 2025, the parties accepted a mediator's proposal on April 4. Dkt. 265. At the time, the parties were preparing for a June trial on the amount of the class's damages.

**III.    THE SETTLEMENT TERMS**

The complete terms of the settlement are set forth in the Settlement Agreement (SA), attached as Exhibit 1 to the Marshall Declaration.

**A.    The Settlement Classes**

There are two Settlement Classes. The First Settlement Class follows the Court's August 13, 2019, class definition as modified on August 28, 2020, except that the class period ends on January 16, 2015, and members of the Second Settlement Class are excluded. Dkt. 157, 202 at

---

[1] The Court's order referenced 967 individuals, but two of them were not members of the class.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 4
Case No. 2:12-cv-00717-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

11-12; SA Definitions D, P. The Second Settlement Class encompasses the 965 people who previously consented to the *Douglas v. Xerox Business Services* litigation and whose claims in this suit were dismissed by the Court on res judicata grounds on February 13, 2024. Dkt. 221 at 3-6; SA Definition Z. Ms. Hill continues to represent the First Settlement Class and Ms. Anderson, who has been added as a named plaintiff in Plaintiff's Third Amended Complaint, represents the Second Settlement Class.

**B.      The Settlement Amount**

Defendants have agreed to pay $9.1 million to resolve this lawsuit. After payment of Court-approved attorneys' fees and costs, Class Representative Awards, and settlement administration costs, the Net Settlement Class Funds will be distributed to Members of the Settlement Classes. SA Definition BB, ¶ 7.

1.      Settlement payments

Ninety percent of the Net Settlement Class Funds will be distributed to First Settlement Class Members and 10% to Second Settlement Class Members. This percentage reflects Class Counsel's assessment of the strengths and weaknesses of the claims of the respective Settlement Classes and expert calculations of the total potential damages and prejudgment interest owed to each group. SA ¶ 7(d), Definitions O, Y; Marshall Decl. ¶¶ 3-7. Settlement payments will be based on expert calculations of the individual potential damages and prejudgment interest owed to each Member of the Settlement Classes and the Settlement Administrator's calculation of all necessary employer-side taxes, which will come off the top. The gross amount to be paid will be treated as 25% wages (subject to typical payroll taxes and withholdings) and 75% non-wages. The Settlement Administrator will disburse all employer- and employee-side taxes and withholdings associated with the wage amounts to the IRS or appropriate state or local agency. SA ¶ 7(f).

If there are sufficient funds from uncashed checks after 180 days, the Settlement Administrator will make a second distribution to Members of the Settlement Classes who deposited their checks. SA ¶ 7(e). These payments will be treated as 100% non-wages. SA ¶ 7(f).

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 5
Case No. 2:12-cv-00717-JCC

Any funds remaining after the second payments will be distributed to the Legal Foundation of Washington, a nonprofit that distributes IOLTA funds to legal aid organizations in Washington. SA ¶ 7(h); Marshall Decl. ¶ 10. No amounts will revert to Defendants. SA ¶ 4(b), 7.

### 2. Settlement administration costs

Following a bidding process, Plaintiffs selected CPT Group to serve as Settlement Administrator. CPT Group is a well-established class action administrator that submitted a competitive bid. Johnson Decl. ¶¶ 2-3. CPT Group estimates that notice and settlement administration costs will total $34,500 if there is no second distribution and $46,000 if there is. SA Definition AA, ¶¶ 3(b)-(d), 7, 8.

### 3. Attorneys' fees and costs

Class Counsel will move for Court approval of an attorneys' fee award equal to 35% of the settlement fund, or $3,185,000, and reimbursement of no more than $82,000 in litigation costs. SA ¶ 3(e). This request will be included in the Class Notice and the motion will be posted on the settlement website 45 days before the objection and exclusion deadline. SA Ex. A. Approval of the settlement is not dependent on the amount of attorneys' fee and costs awarded. SA ¶ 4(b).

### 4. Class Representative Awards

Plaintiffs will move for Court approval of Class Representative Awards of $15,000 for Ms. Hill and $3,000 for Ms. Anderson. SA ¶ 3(e). These amounts will be included in the Class Notice and in the motion posted on the settlement website 30 days before the objection and exclusion deadline. SA Ex. A. Approval of the settlement is not dependent on the amount of the Class Representative Awards. SA ¶ 4(b).

## C. Release

The scope of the release for the Settlement Classes is appropriately tailored to all claims asserted in the complaint or that could have been asserted based on or arising from the facts and circumstances alleged in the complaints. The release also plainly states that it does not release claims for discrimination, retaliation, wrongful termination, unemployment, workers'

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 6
Case No. 2:12-cv-00717-JCC

compensation, or wage and hour claims based on work performed after January 16, 2015. The broader release by the named Plaintiffs includes all claims except those under the Age Discrimination in Employment Act and Older Workers Benefit Protection Act, unemployment claims, workers' compensation claims, and any claims that may not be lawfully released. SA ¶ 2, Definitions W, X.

**D.    Exclusions and Objections**

Members of the Settlement Classes will have 90 days after Class Notice is mailed to request exclusion from settlement by sending a letter to the Settlement Administrator. SA ¶ 3(d)(1). Those who do not request exclusion may object to the settlement by mailing a signed, written objection stating the reasons for their objection to the Settlement Administrator within 90 days of Class Notice. SA ¶ 3(d)(2).

## IV.    ARGUMENT

**A.    The settlement should be preliminarily approved.**

The Court's role at the preliminary approval stage is to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (citation omitted). Under Rule 23(e)(2), a district court considers whether (A) the class representatives and their counsel have adequately represented the classes; (B) the proposal was negotiated at arm's length; (C) the relief provided by the settlement is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the proposed settlement; and (v) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

The Rule 23(e)(2) factors are similar to the factors previously identified by the Ninth Circuit, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 7
Case No. 2:12-cv-00717-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

duration of further litigation; (3) the risk of maintaining class action status through trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

Consideration of all relevant factors supports preliminary approval of the settlement.

1.    Plaintiffs and their counsel have adequately represented the Settlement Classes.

In 2014, the Court found that Ms. Hill and Class Counsel were adequately representing the class. Dkt. 113 at 9. This commitment to the class continued over the next ten years. Ms. Anderson will adequately represent the Second Settlement Class. She was employed by Defendants as a customer care assistant in one of Defendants' call centers in Federal Way from February 2012 to January 2014, and she has agreed to represent the interests of the Second Settlement Class Members for purposes of this settlement.[2]

2.    The settlement is the result of arm's-length, non-collusive negotiations.

"A proposed class settlement is presumptively fair when reached after meaningful discovery, arm's length negotiation, and conducted by capable, experienced counsel. The involvement of an experienced mediator also supports a finding of fairness." *Randall v. Integrated Commc'ns Serv., Inc.*, 2023 WL 5743133, at *4 (W.D. Wash. Sept. 6, 2023). The parties negotiated this settlement with the assistance of retired Judge Paris Kallas, ultimately accepting her mediator's proposal after developing a solid understanding of the facts and law. Class Counsel also drew on their substantial experience litigating wage and hour class actions. *See Ikuseghan v. Multicare Health Sys.*, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016)

---

[2] Plaintiffs request that the Court certify the First Settlement Class and the Second Settlement Class, both of which satisfy the Rule 23(a) and (b)(3) criteria for the same reasons as the class initially certified by the Court; appoint Ms. Hill as representative of the First Settlement Class; appoint Ms. Anderson as representative of the Second Settlement Class; and appoint Class Counsel to represent the Settlement Classes. *See* Anderson Declaration (as to Ms. Anderson's adequacy, which the Court has not previously addressed).

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 8
Case No. 2:12-cv-00717-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

("Arm's length negotiations conducted by competent counsel constitute *prima facie* evidence of fair settlements.").

The Ninth Circuit has identified "red flags" that may suggest plaintiffs' counsel allowed pursuit of their own self-interest to infect settlement negotiations: when counsel receive a disproportionate portion of the settlement, when the parties agree to a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, or when the parties agree that any fees not awarded will revert to defendants rather than be added to the class fund. *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 569 (9th Cir. 2019). No such flags are present in this settlement. Because Class Counsel will be paid from the same settlement fund as Members of the Settlement Classes, they were incentivized to negotiate the largest fund possible. The Court has ultimate discretion over the amount of the attorneys' fee award after reviewing Class Counsel's motion. And any requested fees not approved by the Court will be distributed to Members of the Settlement Classes. SA ¶¶ 4(b), 7(h).

3.    The relief provided by the settlement is more than adequate considering the strengths and weaknesses of the claims and the risks of continued litigation.

Members of the Settlement Classes will recover a significant portion of the damages and prejudgment interest being sought in this matter. The $9.1 million settlement fund is 202% of the total potential damages calculated by expert Jeffrey Munson for both Settlement Classes, and 80% of the total damages plus prejudgment interest over the past 13 years. If the Court awards the requested attorneys' fees, costs, Class Representative Awards, and settlement administration costs, the Net Settlement Class Funds will be $5,649,283.[3] The First Settlement Class will recover $5,084,354, which is 169% of its total estimated damages and 67% of its

---

[3] If the Court ultimately grants the requested awards for attorneys' fees ($3,185,000), litigation expenses (no more than $82,000), settlement administration costs ($34,500), and class representative services ($18,000), the remainder will be $5,780,500. Class counsel estimate that the employer-side taxes due on that amount total $131,217. When those are subtracted, the remainder is $5,649,283.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 9
Case No. 2:12-cv-00717-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

estimated damages plus interest. The Second Settlement Class, which had all of its claims dismissed, will recover $564,928, which is 41% of its total damages and 16% of its damages plus interest; however, if a risk deduction of 75% is applied (meaning a 25% chance of reversing the Court's res judicata ruling on appeal), the Second Settlement Class will recover 162% of its reduced damages and 64% of its reduced damages plus interest. Marshall Decl. ¶¶ 8-9.

This settlement is an excellent result given the risks of continuing to litigate through trial and appeals. Although the Court resolved the issue of Defendants' liability as to the First Settlement Class, the proper calculation of damages was still in dispute, with Defendants' expert's calculation being approximately $700,000 to $860,000 less than Plaintiff's expert's calculation for the First Settlement Class. *Compare* Dkt. 262-1, *with* Dkt. 263-1. Regardless of the ultimate result, Defendants likely would have appealed the Court's recent summary judgment ruling as well as the damages award at trial, consistent with their history of appealing key rulings in this case. And the Second Settlement Class Members' claims were dismissed, leaving them with no recovery absent a successful appeal. After thirteen years of litigation, there is an enormous benefit to the Settlement Classes finally receiving payments for wages they earned many years ago.

4.     The settlement will be fairly distributed to the Settlement Classes.

Members of the Settlement Classes will receive settlement payments without having to file claim forms. They will be given 180 days to cash the checks. The allocation of 90% of the Net Settlement Class Funds to the First Settlement Class and 10% to the Second Settlement Class appropriately recognizes that the Court dismissed the Second Settlement Class Members' claims based on their participation in the *Douglas* lawsuit. Dkt. 221. The individual settlement allocations will be based on the wages class members should have received during the class period.

The proposed Class Representative Awards of $15,000 for Ms. Hill and $3,000 for Ms. Anderson are reasonable recognitions of their respective contributions to the litigation. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) (service awards "are

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 10
Case No. 2:12-cv-00717-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

fairly typical in class action cases" and "compensate class representatives for work done on behalf of the class" and "to make up for financial or reputation risk"); *see also Kater v. Churchill Downs Inc.*, 2021 WL 511203, at *2 (W.D. Wash. Feb. 11, 2021) (approving service awards of $10,000 and $50,000 to recognize plaintiffs' contributions and risk of reputational harm); *Lennartson v. Papa Murphy's Int'l LLC*, 2018 WL 4252039, at *2 (W.D. Wash. Sept. 6, 2018) (approving $15,000 service awards).

     5.     <u>Class Counsel will request approval of a fair and reasonable fee.</u>

Class Counsel will move for Court approval of an attorneys' fee award of $3,185,000, which is 35 percent of the Settlement Fund, to compensate them for the work performed on behalf of the Settlement Classes. They will also seek reimbursement of the approximately $82,000 in out-of-pocket expenses they have incurred in prosecuting this action, including class notice, court reporting, and expert witness costs. The attorneys' fees and costs Class Counsel seek are reasonable under the circumstances of this case. *See In re Bluetooth*, 654 F.3d at 941 (requiring that any attorneys' fee awarded be reasonable).

The Ninth Circuit and Washington law recognize both the lodestar and percentage-of-the-fund methods for determining appropriate attorneys' fees. *Id.* at 941-43; *Bowles v. Wash. Dep't of Ret. Sys.*, 121 Wn.2d 52, 72 (1993). The Ninth Circuit benchmark for attorneys' fees in common fund cases is 25%, which the Court may adjust upwards or downwards when "special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *See Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Using the benchmark to calculate a reasonable fee in this case would result in an award that is too small. Class counsel have litigated this vigorously defended matter for more than thirteen years and successfully recovered significant funds for the Settlement Classes. Courts also routinely adjust the benchmark upwards in cases with settlement funds under $10 million and in wage and hour class actions. *See*, *e.g.*, *Yanez v. HL Welding, Inc.*, No. 20-cv-1789-MDD, 2022 WL 788703, at *11-12 (S.D. Cal. Mar. 15, 2022) (fees of 30-50% commonly awarded in cases with smaller

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 11
Case No. 2:12-cv-00717-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

common funds and a "33.33% award … is commensurate with percentage-of-the-fund awards made in other wage and hour class actions"); *see also Tuttle v. Audiophile Music Direct, Inc.*, No. C22-1081-JLR, 2023 WL 8891575, at \*15 (W.D. Wash. Dec. 26, 2023) (35% of constructive fund); *A.M. v. Moda Health Plan, Inc.*, C 14-1191 TSZ, 2015 WL 9839771, at \*3 (W.D. Wash. Nov. 3, 2015) (35% of settlement fund). Finally, a lodestar cross-check is expected to result in a multiplier of less than 1.5.

Class Counsel will file a comprehensive motion for an award of attorneys' fees within thirty days of the Court's preliminary approval order. The motion will be posted on the settlement website forty-five days before the deadline for class members to object to or exclude themselves from the settlement. Fed. R. Civ. P. 23(h); *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

6.    The reaction of class members to the proposed settlement.

Plaintiffs will provide the Court with information about the reaction that Members of the Settlement Classes have to the settlement in Plaintiffs' motion for final approval of the settlement.

**B.    The notice plan complies with Rule 23(e) and due process.**

To comply with due process, notice must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997). Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Under Rule 23(c)(2)(B) "notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." The notice must state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 12
Case No. 2:12-cv-00717-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Rule 23(c)(3). *Id.*; *see also In re Hyundai & Kia*, 926 F.3d at 567 ("settlement notices must 'present information about a proposed settlement neutrally, simply, and understandably'" (citation omitted)).

The Settlement Administrator will send Class Notice to each Member of the Settlement Classes within 30 days of the Court's preliminary approval order and after verifying and updating the Settlement Class Member Data provided by Defendants. Notice will be sent by U.S. mail and by text message and email if a mobile number and/or an email address is available. The Settlement Administrator will attempt to update and re-mail any notices that are returned undeliverable. The Settlement Administrator will also maintain a website with important dates and key documents, including the Class Notice, Preliminary Approval Order, Settlement Agreement, and Motion for Attorneys' Fees, Costs, and Class Representative Awards. SA ¶¶ 3(b)-(c).

The proposed Notice is drafted in plain English, is easy to understand, and includes key information about the settlement, including the deadline to submit a claim, request exclusion or object to the settlement, and the date of the Final Approval Hearing (and that the hearing date may change without further notice). The Notice states the amount of fees and costs Class Counsel will request, the amount of the Class Representative Awards, and the estimated costs of administration. The Notice also provides an individualized estimate of the gross settlement payment to the recipient. The Notice discloses that by participating in the settlement, Members of the Settlement Classes will give up the right to sue Defendants for claims covered by the release. The Notice also directs Members of the Settlement Classes to the settlement website. SA Ex. A.

The manner and content of the notice plan complies with Rule 23 and due process.

**C.    The schedule for final approval.**

The next steps in the settlement approval process are to schedule a Final Approval Hearing, notify Members of the Settlement Classes of the settlement and hearing, and provide

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 13
Case No. 2:12-cv-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

those Members with the opportunity to exclude themselves from, or object to, the settlement. The parties propose the following schedule for final approval of the settlement:

| Action | Date |
|---|---|
| Deadline for Defendants to provide Settlement Class Data (SA ¶ 3(b)) | 14 days after Preliminary Approval Order |
| Class Notice Deadline (SA ¶ 3(c)) | 30 days after Preliminary Approval Order |
| Deadline to file motion for attorneys' fees, costs, and Class Representative Awards (SA ¶ 3(e)) | 45 days after Class Notice Deadline |
| Deadline for exclusions and objections (SA ¶ 3(d)) | 90 days after Class Notice Deadline |
| Deadline to file motion for final approval and response to any objections (SA ¶ 3(e)) | No later than 14 days before the Final Approval Hearing |
| Final Approval Hearing (SA ¶ 3(a), (e)) | At the Court's discretion, but no earlier than 150 days after the Preliminary Approval Order is entered. |

## V.   CONCLUSION

Plaintiff requests the Court enter an order that: (1) grants preliminary approval of the proposed settlement; (2) certifies the First Settlement Class and the Second Settlement Class and appoints Tiffany Hill as representative of the First Settlement Class, Michelle Anderson as representative of the Second Settlement Class, and Class Counsel to represent both Settlement Classes; (3) directs notice to be disseminated to Members of the Settlement Classes in the form and manner proposed by the parties; (4) appoints CPT Group to serve as Settlement Administrator; and (5) sets a schedule for final approval of the settlement and related deadlines.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 18th day of July, 2025.

TERRELL MARSHALL LAW GROUP PLLC

*I certify that this memorandum contains 4,729 words, in compliance with the Local Civil Rules and the Court's Order granting leave to file a brief of no more than 5000 words, ECF 266.*

By: /s/ Toby J. Marshall, WSBA #32726
    Toby J. Marshall, WSBA #32726
    Email: tmarshall@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

    Daniel F. Johnson, WSBA #27848
    Email: djohnson@bjtlegal.com
    BRESKIN JOHNSON & TOWNSEND, PLLC
    1000 Second Avenue, Suite 3670
    Seattle, Washington 98104
    Telephone: (206) 652-8660
    Facsimile: (206) 652-8290

*Class Counsel*

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 15
Case No. 2:12-cv-00717-JCC