THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIFFANY HILL and MICHELLE ANDERSON individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONTINUUM GLOBAL SOLUTIONS, LLC, a Delaware Limited Liability Company, XEROX BUSINESS SERVICES, LLC, a Delaware Limited Liability Company, LIVEBRIDGE, INC., an Oregon Corporation, AFFILIATED COMPUTER SERVICES, INC., a Delaware Corporation, AFFILIATED COMPUTER SERVICES, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | NO. 2:12-cv-00717-JCC<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs Tiffany Hill and Michelle Anderson, by their undersigned attorneys, for this class action complaint against Defendant Continuum Global Solutions, LLC, successor to United Call Center Solutions, LLC, and Defendants Xerox Business Services, LLC, LiveBridge, Inc., Affiliated Computers Services, Inc., and Affiliated Computers Services, LLC, alleges as follows:

THIRD AMENDED CLASS ACTION COMPLAINT – 1
CASE NO. 2:12-CV-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

## I. INTRODUCTION

1.1     Nature of Action.  Plaintiffs Tiffany Hill and Michelle Anderson bring this action against Defendants for engaging in a systematic scheme of wage and hour abuse against customer service employees in the state of Washington.  This scheme has involved failing to pay employees for all hours worked and failing to pay proper overtime wages.

## II. JURISDICTION AND VENUE

2.1     Jurisdiction.  Defendants are within the jurisdiction of this Court.  This Court has jurisdiction over this case under 28 U.S.C. § 1332(d)(2) in that: (1) this is a class action with more than one hundred (100) members in each proposed class; (2) Defendants are citizens other states; (3) Plaintiffs were residents of the state of Washington; and (4) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

2.2     Venue.  Venue of this case in this Court is proper: (1) pursuant to 28 U.S.C. § 1391(a)(1) in that Defendants did sufficient business in this District to subject it to personal jurisdiction herein; and (2) pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

2.3     Governing Law.  The claims of Plaintiffs and the members of the Classes asserted in this class action complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

3.1     Plaintiff Tiffany Hill.  Plaintiff Hill was at all times material a citizen of Washington State.  Plaintiff Hill was hired by Defendants as a non-exempt customer care assistant in September 2011.  Plaintiff Hill was employed by Defendants as a customer care assistant in one of Defendants' call centers in Federal Way, Washington from September 2011 to April 2012.  Defendants failed to pay Plaintiff Hill for all hours worked.  Defendants terminated Plaintiff Hill on April 6, 2012, and willfully failed to pay the wages due to her.

THIRD AMENDED CLASS ACTION COMPLAINT – 2
CASE NO. 2:12-CV-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

1  Plaintiff Hill did not consent to join the matter of *Douglas v. Xerox Bus. Servs.*, Case NO. C12-1798-JCC (W.D. Wash. 2012).

3.2  <u>Plaintiff Michelle Anderson</u>.  Plaintiff Anderson was at all times material a citizen of Washington State.  Plaintiff Anderson was hired by Defendants as a non-exempt customer care assistant in February 2012.  Plaintiff Anderson was employed by Defendants as a customer care assistant in one of Defendants' call centers in Federal Way, Washington from February 2012 to January 2014.  Defendants failed to pay Plaintiff Anderson for all hours worked.  Defendants terminated Plaintiff Anderson in January 2014 and willfully failed to pay the wages due to her.  Plaintiff Anderson previously consented to join the matter of *Douglas v. Xerox Bus. Servs.*, Case NO. C12-1798-JCC (W.D. Wash. 2012).

3.3.  <u>Defendants Continuum Global Solutions, LLC</u>.  Continuum is a Delaware LLC with its headquarters in Texas.  Defendant has conducted business in Washington and has acquired the entities that employed Plaintiffs and members of the proposed Classes in Washington.  Defendant and its predecessors in interest have employed thousands of employees in Washington, including Plaintiffs and the members of the proposed Classes.  Defendant is the successor in interest of United Call Center Solutions, LLC, Xerox Business Services, LLC, Livebridge, Affiliated Computer Services, Inc., and Affiliated Computer Services, LLC. All references to "Defendants" in this complaint include the actions and conduct of these predecessors in interest.

3.4  <u>Defendant Xerox Business Services, LLC</u>.  Xerox is a Delaware LLC with its headquarters in Texas.  Xerox was licensed to do business in Washington and conducted business in Washington.  Xerox has employed thousands of employees in Washington, including Plaintiff and the proposed Class members.  On information and belief, Xerox was either the parent company or affiliate of co-Defendants Livebridge, Affiliated Computer Services, Inc., and Affiliated Computer Services, LLC, and Xerox has exercised control over

THIRD AMENDED CLASS ACTION COMPLAINT – 3
CASE NO. 2:12-CV-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

Livebridge and the Affiliated Computer Services companies. Xerox conducted business in and employed thousands of employees in the Western District of Washington.

3.5 <u>Defendant Livebridge, Inc</u>. Livebridge is an Oregon corporation with its headquarters in Texas. On information and belief, Livebridge is the subsidiary company or affiliate of co-Defendant Xerox. Livebridge was licensed to do business in Washington and conducted business in Washington. On information and belief, Livebridge has employed thousands of employees in Washington, including Plaintiff and the proposed Class members.

3.6 <u>Defendant Affiliated Computer Services, Inc</u>. Affiliated Computer Services, Inc. is a Delaware corporation with its headquarters in Texas. On information and belief, Affiliated Computer Services, Inc. is the subsidiary or affiliate of co-Defendant Xerox and was acquired by Xerox Corporation in 2010. Affiliated Computer Services, Inc. was licensed to do business in Washington and has conducted business in Washington. On information and belief, Affiliated Computer Services, Inc. has employed thousands of employees in Washington, including Plaintiff and the proposed Class members.

3.7 <u>Defendant Affiliated Computer Services, LLC</u>. Affiliated Computer Services, LLC is a Delaware limited liability company with its headquarters in Texas. On information and belief, Affiliated Computer Services, LLC is the subsidiary or affiliate of co-Defendant Xerox. Affiliated Computer Services, LLC became licensed to do business in Washington on January 19, 2010 and on information and belief, has conducted business in Washington. On information and belief, Affiliated Computer Services, LLC employs thousands of employees in Washington, including the proposed Class members.

## IV. CLASS ACTION ALLEGATIONS

4.1 <u>Class Definitions</u>: Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this case as a class action on behalf of two Classes defined as follows:

> 1. **The First Class:** All persons who worked for Defendants at any of Defendants' facilities in the State of Washington and were paid under an "Activity Based Compensation" or "ABC" plan that paid "per minute" rates for certain work activities between June 5,

THIRD AMENDED CLASS ACTION COMPLAINT – 4
CASE NO. 2:12-CV-00717-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

2010, and January 16, 2015, and who did not previously consent to join the matter of *Douglas v. Xerox Bus. Servs.*, Case NO. C12-1798-JCC (W.D. Wash. 2012).

2. **The Second Class:** All persons who worked for Defendants at any of Defendants' facilities in the State of Washington and were paid under an "Activity Based Compensation" or "ABC" plan that paid "per minute" rates for certain work activities between June 5, 2010, and January 16, 2015, and who previously consented to join the matter of *Douglas v. Xerox Bus. Servs.*, Case NO. C12-1798-JCC (W.D. Wash. 2012).

Excluded from the Classes are Defendants, any entity in which a Defendants has a controlling interest or that has a controlling interest in a Defendants, and Defendants's legal representatives, assignees, and successors. Also excluded are employees (1) who were hired after September 27, 2012, and who signed arbitration agreements as part of Defendants's revised 2012 Dispute Resolution Program; and/or (2) who previously stipulated to arbitration in *Amedee v. Xerox Business Services, LLC, et al.*, Case No. 2:15-cv-8800-BJR  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2     Numerosity.  There are more than 4,750 employees comprising the First Class and more than 960 employees comprising the Second Class. The members of each Class are so numerous that joinder of all members is impracticable. Moreover, the disposition of the claims of each Class in a single action will provide substantial benefits to all parties and the Court.

4.3     Commonality.  There are numerous questions of law and fact common to Plaintiffs and members of the Classes. These questions include, but are not limited to, the following:

a.     Whether Defendants engaged in a common course of failing to properly compensate customer service employees for all hours worked, including overtime;

b.     Whether Defendants engaged in a common course of failing to maintain true and accurate time records for all hours worked by customer service employees;

e.     Whether Defendants violated RCW 49.46.130;

f.     Whether Defendants violated RCW 49.46.090;

THIRD AMENDED CLASS ACTION COMPLAINT – 5
CASE NO. 2:12-CV-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

1         g.       Whether Defendants violated RCW 49.48.010;

2         h.       Whether Defendants violated RCW 49.52.050; and

3         I.       The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4 <u>Typicality</u>. The claims of the Plaintiffs Hill and Anderson are typical of the claims of the respective Classes. Plaintiff Hill was employed in Washington by Defendants as a Customer Care Assistant and did not join the matter of *Douglas v. Xerox Bus. Servs.*, Case NO. C12-1798-JCC (W.D. Wash. 2012), and thus is a member of the First Class. Plaintiff Anderson was employed in Washington by Defendants as a Customer Care Assistant and previously consented to join the matter of *Douglas v. Xerox Bus. Servs.*, Case NO. C12-1798-JCC (W.D. Wash. 2012), and is thus a member of the Second Class. The claims of Plaintiffs Hill and Anderson, like the claims of the respective Classes, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

4.5 <u>Adequacy</u>. Plaintiff Hill will fairly and adequately protect the interests of the First Class, and Plaintiff Anderson will fairly and adequately protect the interests of the Second Class. Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including employment law. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Classes.

4.6 <u>Predominance</u>. Defendants engaged in a common course of wage and hour abuse toward Plaintiffs and members of the Classes. The common issues arising from this conduct that affect Plaintiffs and members of the Classes predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

THIRD AMENDED CLASS ACTION COMPLAINT – 6
CASE NO. 2:12-CV-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

4.7     <u>Superiority</u>.  Plaintiffs and members of the Classes have suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.  Absent a class action, however, most members of the Classes likely would find the cost of litigating their claims prohibitive.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.  The members of the Classes are readily identifiable from Defendants' records and, for the Second Class, court records.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1     Defendants engaged in a common course of wage and hour abuse against customer service employees in the state of Washington. Defendants operated facilities in Federal Way, Kent, Auburn, Tumwater, Lacey, and Spokane.  In these facilities, Defendants provided "customer care" services to companies such as Verizon Wireless, Red Lion Hotels, and TicketsWest, and employs thousands of customer service employees to field telephone calls for such companies.

5.2     Under Defendants' ABC or incentive-based compensation plans, Defendants recorded and paid for the work of Plaintiffs and members of the proposed Classes using separate per-minute, per-unit, or per-hour rates for assigned customer service tasks and other activities. Under the ABC plan, Defendants did not pay for time spent in "unproductive" work. Therefore, Defendants did not pay all hours worked by Plaintiffs and members of the proposed Classes, which also results in failure to pay customer service employees for one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per week. Defendants had actual or constructive knowledge of the fact that customer service employees were not being compensated for all hours worked, and that customer service employees were not being compensated for all overtime hours worked.

THIRD AMENDED CLASS ACTION COMPLAINT – 7
CASE NO. 2:12-CV-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

## VI. FIRST CLAIM FOR RELIEF

### (Violations of RCW 49.46.090 – Failure to Pay Minimum Wage)

6.1   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2   Defendants failed to pay Plaintiffs and the Classes for all hours worked.

6.3   Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act. If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employee the full amount of the statutory wage rate less any amount actually paid to the employee.

6.4   By the actions alleged above, Defendants violated the provisions of RCW 49.46.090.

6.5   As a result of the unlawful acts of Defendants, Plaintiffs and members of the proposed Classes have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.46.090, Plaintiffs and members of the proposed Classes are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs.

## VII. SECOND CLAIM FOR RELIEF

### (Violations of RCW 49.46.130 — Failure to Pay Overtime)

7.1   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2   RCW 49.46.130 provides that "no employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

7.3   By the actions alleged above, Defendants violated the provisions of RCW 49.46.130.

THIRD AMENDED CLASS ACTION COMPLAINT – 8
CASE NO. 2:12-CV-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

7.4     As a result of the unlawful acts of Defendants, Plaintiffs and members of the proposed Classes have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.46.090, Plaintiffs and members of the proposed Classes are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs.

## VIII.  THIRD CLAIM FOR RELIEF

**(Violations of RCW 49.48.010 – Failure to Pay Wages Owed at Termination)**

8.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2     RCW 49.48.010 provides that "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period."

8.3     By the actions alleged above, Defendants violated the provisions of RCW 49.48.010.

8.4     As a result of Defendants' unlawful acts, Plaintiffs and members of the proposed Classes have been deprived of compensation in amounts to be determined at trial and, are entitled to such damages, including interest thereon, and pursuant to RCW 49.48.030, Plaintiffs and members of the proposed Classes are entitled to payment of attorneys' fees as well.

8.5     As a result of the unlawful acts of Defendants, Plaintiffs and members of the proposed Classes have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and members of the proposed Classes are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees pursuant to RCW 49.48.030 and costs.

## IX.  FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.52.050 — Willful Refusal to Pay Wages)**

9.1     Plaintiffs reallege and incorporate by reference each and every allegation set

THIRD AMENDED CLASS ACTION COMPLAINT – 9
CASE NO. 2:12-CV-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

forth in the preceding paragraphs.

9.2     RCW 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

9.3     Defendants' violations of RCW 49.46.130, RCW 49.46.090, and RCW 49.48.010, as discussed above, were willful and constitute violations of RCW 49.52.050.

9.4     RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

9.5     By the actions alleged above, Defendants violated the provisions of RCW 49.52.050.

9.6     As a result of the willful, unlawful acts of Defendants, Plaintiffs and members of the proposed Classes have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiffs and members of the proposed Classes are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

## X.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Classes, pray for judgment against Defendants as follows:

A.     Certification of the proposed Plaintiff Classes;

B.     Appoint Plaintiff Hill as representative of the First Class;

C.     Appoint Plaintiff Anderson as representative of the Second Class;

D.     Appoint the undersigned counsel as counsel for the Classes;

E.     Declare that Defendants' actions complained of herein violate RCW 49.46.090, RCW 49.46.130, RCW 49.48.010, and RCW 49.52.050;

THIRD AMENDED CLASS ACTION COMPLAINT – 10
CASE NO. 2:12-CV-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

F. Enjoin Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in the unlawful and wrongful conduct set forth herein;

G. Award Plaintiffs and the Classes compensatory and exemplary damages, as allowed by law;

H. Award Plaintiffs and the Classes attorneys' fees and costs, as allowed by law;

I. Award Plaintiffs and the Classes prejudgment and post-judgment interest, as provided by law;

J. Permit Plaintiffs and the Classes leave to amend the Complaint to conform to the evidence presented at trial; and

K. Grant such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 18th day of July, 2025.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726
Email: tmarshall@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603

Daniel F. Johnson, WSBA #27848
E-Mail: djohnson@bjtlegal.com
BRESKIN JOHNSON & TOWNSHEND, PLLC
600 Stewart St., Suite 901
Seattle, Washington 98101
Telephone: (206) 652-8660

*Class Counsel*

THIRD AMENDED CLASS ACTION COMPLAINT – 11
CASE NO. 2:12-CV-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com