THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

TIFFANY HILL and MICHELLE ANDERSON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CONTINUUM GLOBAL SOLUTIONS, LLC, a Delaware Limited Liability Company, XEROX BUSINESS SERVICES, LLC, a Delaware Limited Liability Company, LIVEBRIDGE, INC., an Oregon Corporation, AFFILIATED COMPUTER SERVICES, INC., a Delaware Corporation, AFFILIATED COMPUTER SERVICES, LLC, a Delaware Limited Liability Company,

Defendants.

NO. 2:12-cv-00717-JCC

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter came before the Court on Plaintiffs' Motion for Final Approval of the proposed class action settlement with Defendants and Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (Dkt. Nos. 277, 282). The Court, having considered all papers filed and arguments made with respect to the motions and being fully advised, finds that:

1.      On January 20, 2026, the Court held a Final Approval Hearing, at which time the Parties and Members of the Settlement Classes were afforded the opportunity to be heard in support of or in opposition to the settlement. The Court received no objections to the settlement.

ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 1
Case No. 2:12-cv-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

2.      Adequate and sufficient notice was provided to the Settlement Classes in accordance with the Court's Preliminary Approval Order, Rule 23(e) of the Federal Rules of Civil Procedure, and due process. This was the best notice practicable under the circumstances, and it included the dissemination of individual notice to all Members of the Settlement Class who could be identified through reasonable effort.

3.      Defendants also served notice of the settlement as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

4.      The terms of the Settlement Agreement are incorporated fully into this Order by reference.

5.      The Court has considered the Rule 23(e)(2) factors and factors enunciated by the Ninth Circuit in *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004), and those factors favor final approval of the settlement.

6.      The terms of Settlement Agreement, which was negotiated at arm's length, are fair, reasonable, and adequate given the complexity, expense, and duration of further litigation and the risks involved in establishing damages and maintaining class action status through trial and appeal.

7.      The relief provided under the Settlement Agreement constitutes fair value given in exchange for the release of claims.

8.      The extent of discovery completed, the stage of the proceedings, and the experience and views of Class Counsel support approval of the Settlement Agreement.

9.      The lack of objections from any members of the Classes or governmental actors further supports approval of the Settlement Agreement.

10.      Plaintiffs and Class Counsel have adequately represented the Settlement Classes.

11.      In determining that the Settlement Agreement is fair, reasonable, and adequate, the Court has also considered that payments will be issued directly to Members of the Settlement Classes based on individualized damages and interest calculations and the strengths

ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 2
Case No. 2:12-cv-00717-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

and weaknesses of the claims of the respective Classes. The Settlement Agreement treats the Members of each Class equitably relative to each other.

12.     The Parties and each Member of the Settlement Classes have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

13.     It is in the best interests of the Parties and the Settlement Classes and consistent with principles of judicial economy that any dispute between any Member of the Settlement Classes (including any dispute as to whether any person is a Member of the Settlement Classes) and any Released Party which, in any way, relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

14.     **Settlement Classes.** This action is a class action against Defendants on behalf of the Settlement Classes defined as follows:

> First Settlement Class. All persons who worked at Defendants' Washington call centers under an "Activity Based Compensation" or "ABC" plan that paid "per minute" rates for certain work activities between June 5, 2010, and January 16, 2015, but excluding any employees (1) who were hired after September 27, 2012, and who signed arbitration agreements as part of Defendants' revised 2012 Dispute Resolution Program; (2) who previously stipulated to arbitration in *Amedee v. Xerox Business Services, et al.*, Case No. 2:15-cv-880-BJR; and/or (3) who are Members of the Second Settlement Class.

> Second Settlement Class. All persons who have worked at Defendants' Washington Call centers under an "Activity Based Compensation" or "ABC" plan that paid "per minute" rates for certain work activities between June 5, 2010, and January 16, 2015, and who previously consented to join the matter of *Douglas v. Xerox Bus. Servs.*, Case No. C12-1798-JCC (W.D. Wash. 2012), but excluding (1) Tysheka Richard; (2) any employees who were hired after September 27, 2012, and who signed arbitration agreements as part of Defendants' revised 2012 Dispute Resolution Program;

ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 3
Case No. 2:12-cv-00717-JCC

and/or (3) any employees who previously stipulated to arbitration in *Amedee v. Xerox Business Services, et al.*, Case No. 2:15-cv-880-BJR.

15.     The Settlement Classes satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) as set forth in the order granting preliminary approval of the settlement (Dkt. 273).

16.     **Settlement agreement.** The Settlement Agreement is finally approved under Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Settlement Classes. The Settlement Agreement shall be deemed incorporated herein and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

17.     As agreed by the Parties in the Settlement Agreement, upon Final Approval, Plaintiffs and Members of the Settlement Classes release, settle, compromise, relinquish, and discharge each of the Released Parties from each of the Released Claims as set forth in the Settlement Agreement.

18.     **Settlement Administration expenses.** The Court approves CPT Group's administrative expenses of $34,500 if there is no second distribution of settlement payments and $46,000 if there is a second distribution. The settlement administration expenses are to be paid from the settlement fund in accordance with the Settlement Agreement.

19.     **Attorneys' Fees.** Class Counsel are entitled to an award of reasonable attorneys' fees from the $9,100,000 Settlement Fund they recovered on behalf of the Settlement Classes. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.").

20.     Where Class Counsel's efforts have created a common fund, courts in the Ninth Circuit have discretion to use either the percentage-of-the-fund method or the lodestar method to award attorneys' fees. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019). The method a district court chooses to use, and its application of that method, must achieve a

ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 4
Case No. 2:12-cv-00717-JCC

reasonable result. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The percentage-of-the-fund method is an appropriate method for calculating a reasonable attorney's fee where, as here, the benefit to the Settlement Classes is easily quantifiable. *Id.*

21.     The Ninth Circuit instructs that "[t]he 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases." *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1048 (9th Cir. 2002). The "benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). The relevant factors include the results achieved, the risk of continued litigation, the skill required and quality of work, the contingent nature of the fee and financial burden carried by the plaintiff, and awards in similar cases. *Vizcaino*, 290 F.3d at 1048–50. Courts may also consider a lodestar cross-check. *Id.* at 1050.

22.     Class Counsel's request for an award of 35% of the Settlement Fund is reasonable given the excellent and quantifiable settlement achieved for the classes—a $9,100,000 Settlement Fund, providing 202% of the total potential damages for both Settlement Classes—as well as the contingent nature of the fee, the skill and experience demonstrated by Class Counsel, the length of the litigation, the risk of no recovery, and awards in similar cases.

23.     A lodestar crosscheck supports the reasonableness of Class Counsel's fee. *In re Bluetooth*, 654 F.3d at 944–45. The court calculates the "lodestar figure" by multiplying the number of hours reasonably expended by a reasonable rate.  *In re Hyundai*, 926 F.3d at 570. Class Counsel reasonably invested more than 3,770 hours in the litigation. Class Counsel's lodestar—calculated at reasonable hourly rates ranging from $500 to $700 for partners, $450 to $500 for associates, $250 for paralegals, and $150 to $200 for legal assistants—is $2,217,812.50. Their fee request represents a modest multiplier of 1.44, which is within the

ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 5
Case No. 2:12-cv-00717-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

range of multipliers approved by this Circuit. *See Vizcaino*, 290 F.3d at 1051 n.6. This multiplier is appropriate given the risk Class Counsel assumed and consistent with multipliers approved by other courts as part of a lodestar cross-check on a percentage-of-the-fund fee award.

24.    Class Counsel are awarded $3,185,000 in attorneys' fees to be paid from the settlement fund in accordance with the terms of the Settlement Agreement.

25.    **Costs.** Class Counsel's litigation costs are reasonable, necessary and directly related to the work performed on behalf of the Settlement Classes. *See In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 785 (9th Cir. 2022). Class Counsel are awarded $81,759.41 in costs to be paid from the settlement fund in accordance with the terms of the Settlement Agreement.

26.    **Service Award.** The Court approves a service award of $15,000 for Class Representative Tiffany Hill and $3,000 for Class Representative Michelle Anderson, to be paid from the settlement fund, in recognition of their respective efforts on behalf of the Settlement Classes.

27.    Neither this Final Judgment and Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against Defendants or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Class Representatives, Members of the Settlement Classes, or Defendants.

28.    Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendants and each Member of the Settlement Classes for any suit,

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

action, proceeding, or dispute arising out of or relating to this Order, the Settlement Agreement, or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Member of the Settlement Classes in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Members of the Settlement Classes are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

29.     This action is hereby dismissed on the merits, in its entirety, with prejudice and without costs.

30.     Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay, and the Court directs the Clerk to enter final judgment.

Based on the foregoing, it is HEREBY ORDERED that Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. Nos. 277, 282) is GRANTED.

IT IS SO ORDERED.

DATED this 3rd day of March 2026.

_____
THE HONORABLE JOHN C. COUGHENOUR

ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 7
Case No. 2:12-cv-00717-JCC

Presented by:

TERRELL MARSHALL LAW GROUP PLLC

By:  /s/ Toby J. Marshall, WSBA #32726
    Toby J. Marshall, WSBA #32726
    Email:  tmarshall@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

BRESKIN JOHNSON TRIAL LAWYERS, PLLC

By:  /s/ Daniel F. Johnson, WSBA #27848
    Daniel F. Johnson, WSBA #27848
    Email:  djohnson@bjtlawyers.com
    506 Second Avenue, Suite 2400
    Seattle, Washington 98104
    Telephone: (206) 652-8660
    Facsimile: (206) 652-8290

*Class Counsel*

ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 8
Case No. 2:12-cv-00717-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com